Deaderick, J.,
delivered the opinion of the Court.
On the 30th of July, 1868, plaintiff in error filed *172 bis petition for writs of' certiorari and supersedeas in the Circuit Court of Madison county.
The petition states that, on the 3d of September, 1867, the judgment complained of was rendered against him in favor of Cox by a justice of the peace for $84. Petitioner admits service of the warrant, but says that he is informed and believes that the party who pretended to execute the warrant was no officer; that, the note sued on was a forgery; that he resides in Gibson, county, and was in Madison county on business when the warrant was served; that he had left a sick family at home, and was hurrying back to them when the warrant was served; and it was impossible for him to return in time to appeal from said judgment, and that neither he nor plaintiff resided in Madison' county at that time.
It seems that the judgment was stayed by one A. B, Howlett, and that execution issued thereon, 16th of June, 1868, more than nine months after its rendition, two terms of the Circuit Court having elapsed before any application was made for the writs of certiorari and supersedeas.
At the return term a motion was made by Cox. to dismiss the petition, which motion was allowed at September Term, 1869, and defendant appealed in error to this Court.
Upon the face of the petition sufficient merits are disclosed to entitle the plaintiff in error to the writs prayed for. But the primary question to be determined is, has he shown sufficient reasons for not appealing? for, unless he has been deprived of his right *173 of appeal by inevitable accident, by the wrongful act of the justice or adverse party, or by his blameless misfortune, no matter how meritorious his defence may be, he must be repelled from Court.
It is the duty of every defendant when a suit is instituted against him to make his defence thereto, before the magistrate, and if dissatisfied with the judgment, to take an appeal from it to the Circuit Court, and if he fails to do this, he can not have a certio-rari, unless he can bring himself within the provisions of the rule above laid down.
Without particular reference to the several grounds set up in the petition for the failure to appeal, we are of opinion, that they do not excuse him for not having availed himself of this remedy.
The allegation that he was informed and believed that the pretended officer who served the warrant upon him was not an officer, is not an allegation of a fact which petitioner pretended to know to be true, and can not be heard to contradict the officer’s return upon the warrant. Nor is the equivocal and general allegation that he left a sick family at home, any excuse, when the fact appears that he did leave them, voluntarily, to be absent perhaps for several days.
These are the most plausible grounds of excuse for failure to appeal stated in the petition, and taken in connection with the fact that the petitioner stayed the judgment when rendered, satisfy us that he did not at that time intend to contest the validity of the judgment.
But even if sufficient reasons had been shown for *174 not appealing, no excuse for not taking tbe cause up by certiorari to tbe next term, after- the rendition of tbe judgment is shown in tbe petition. It is not stated that petitioner had no knowledge of tbe existence of the judgment at tbe time it was rendered. On tbe contrary be knew he was sued, and tbe judgment was stayed for him, and the presumption is very strong that be bad full knowledge of all tbe steps taken at the time. Yet he sleeps upon bis rights for nine months, allowing several terms of tbe Court to elapse before be seeks relief, and shows no reason why be could not as well have presented bis petition before tbe first term of tbe Court as afterwards.
It has been repeatedly held by this Court that tbe application for writs of certiorari and supersedeas should be made at or before tbe first term of tbe Circuit Court, after the rendition of the judgment by the justice of tbe peace, unless cogent reasons be shown for tbe delay: 1 Head, 440; 10 Hum., 439; 8 Yerg., 223.
We do not think that tbe plaintiff below waived tbe motion to dismiss, by tbe mere fact that be did not call it up to be decided by the Court until twelve months after it was entered.
It is insisted by plaintiff in error, that tbe judgment below, upon the certiorari bond, against the surety of tbe petitioner, was erroneous, and that- it should, to that extent at least, be reversed.
Tbe Code, sec. 3131, provides that the Clerk, shall ^take bond in double tbe amount of tbe judgment, or error complained of, conditioned “to prosecute tbe writ with effect, or perform tbe judgment rendered in the cause.”
*175 And, by section 3137, tbe Court is directed to enter judgment against tbe principal and his sureties for tbe amount recovered, upon failure to prosecute with effect.
The condition of tbe bond in this case, which is in double the amount of the judgment, is almost in the very words of the statute, and renders the surety liable for the debt, as well as damages and costs.
Let the judgment of the Court below be affirmed.