The State, etc., *v.* Taxing District of Shelby County.

on his part in the management of the property levied on, and in the disposition of the proceeds of sale, such as to make him liable for the complainant's debt, and to constitute breaches of his official bond.

The Referees' report will be set aside, and the chancellor's decree reversed, and a decree rendered here in favor of the complainant, and against the defendants for the amount of the judgment, with interest and costs, and the entire costs of this case.

THE STATE *ex rel.*, L. KARR *v.* TAXING DISTRICT
OF SHELBY COUNTY.

1. PLEADINGS AND PRACTICE. *Habeas corpus. Appeal.* An appeal in error or writ of error will not lie for the revision in this court of the order or judgment of the circuit court or the judge thereof upon a writ of *habeas corpus.*

2. SAME. *Same. Certiorari.* Since the adoption of the Code, the proceedings upon a writ of *habeas corpus*, whether had before the judge at chambers or in open court, are made matters of record, and may be brought into this court for revision by the writ of *certiorari.*

3. SAME. *Certiorari.* The writ of *certiorari* is not a writ of course, but subject to the sound discretion of the judge or court to whom the application is made.

4. SAME. *Habeas corpus. Void and voidable sentence.* A writ of *habeas corpus* only lies, on behalf of a person imprisoned under judicial authority, when the sentence is void, not merely voidable, or the term of imprisonment has expired.

5. SAME. *Municipal corporation.* The Taxing District of Shelby county is a municipal corporation, and the president of its board clothed with authority to try persons for violations of the municipal ordi-

The State, etc., *v.* Taxing District of Shelby County.

nances, and punish them by fines and penalties, and by imprison-
ment and labor within and without the work-house in default of
the payment of the fines imposed; proceedings for the violation of
the municipal ordinances are not State prosecutions, nor is a judg-
ment therein a bar to a prosecution for an offense against the State
committed by the same act.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. A. H. DOUGLASS, J.

S. P. WALKER for Taxing District.

ATTORNEY-GENERAL LEA and F. A. RYAN for the State.

COOPER, J., delivered the opinion of the court.

The relator, L. Karr, was tried by the president of the board of fire and police commissioners of the Taxing District of Shelby county for a violation of the ordinances of the Taxing District, found guilty, and failing to pay the ·fine and costs, amounting to fifty dollars, was committed to the work-house district prison to be kept at labor, as directed by the ordinance of the district, for two hundred days, unless the fine should be sooner paid, or he be delivered according to law. Thereupon, the relator presented a petition to the judge of the criminal court of Shelby county for a writ of *habeas corpus,* stating the trial, conviction and sentence, and insisting that he was arrested without a warrant for an offense not shown to have been committed in the presence of an officer, that he was innocent of the offense charged, and was

16—VOL. 16.

put upon his trial on his plea of not guilty, not by submission. The judge issued the writ to the jailor or sheriff of Shelby county, commanding him to bring the relator before him at the criminal court room at a designated time, with a proper return. The sheriff produced the relator at the time designated in open court, returning for answer to the writ that he held the relator as a prisoner under the mittimus, which he produced, of the president of the board of the Taxing District. Upon the hearing, as the entry on the minutes of the court shows, the prisoner was discharged, at the cost of the Taxing District, the court finding that the relator was arrested and brought before the recorder of the Taxing District without any warrant or process, and fined upon a plea of not guilty, and the court being of opinion that the recorder could not acquire jurisdicdition to try the cause without a plea of guilty and a submission of the case for trial. The Taxing District presented a bill of exceptions, which was signed by the judge and made a part of the record, and prayed an appeal to this court, which was granted. The bill of exceptions shows that, on the hearing, testimony was heard, over the objection of the Taxing District, tending to prove that the relator had been arrested without a warrant, and had not submitted his case, but pleaded not guilty, and was tried and convicted on that plea. The Taxing District has also presented a petition to this court, stating the facts, and asking that the proceedings before the judge of the criminal court be brought before the court for revision by the writ of *certiorari.*

In the early case of *Renney* v. *Mayfield*, 4 Hayw., 165, an appeal was taken from the order or judgment of the circuit court dismissing a writ of *habeas corpus*, and the judgment was affirmed. Afterward, in the case of *The State ex rel.* v. *Malone*, 3 Sneed, 413, upon an appeal from a similar order or judgment dismissing the writ, made in open court, it was held, without noticing the previous decision, that the judgment was final, and could not be revised in this court, either by appeal or writ of error. The decision was put upon two grounds: First, it was said that the delay incident to appeals and writs of error, would defeat the very object of the process, which is speedy and summary relief, and, it was added, if the party on whose application the writ issues can appeal, as in the case then before the court, the opposite party must have the same right. The second ground was that the writ was issued by the judge, not the clerk, and was returnable before himself, not the court, and triable by him. No one, it was added, would perhaps contend that an appeal or writ of error would lie from the judgments or orders of a judge in vacation, in the absence of any statutory provision for it. The jurisdiction of this court, continues the opinion, is confined to cases of appeal or writs of error, and they can only bring cases from courts of record. The accident of acting upon the case on some day of the term in open court can not affect the question. This decision was followed in the similar cases of *Lee* v. *White*, 4 Sneed, 73, and *State* v. *Galloway*, 5 Cold., 326. In this last case, the court treat as not ma-

terial the closing remark quoted above from Malone's case, namely: That no means of appellate supervision exists "as to the judgment of a judge not of record in court." And the former decision was adhered to, although it was conceded that the provisions of the Code, enacted after that decision, made the writ of *habeas corpus* returnable to, and triable by the court, as well as before the judge at chambers. The conclusion reached in these cases was repeated as a *dictum* in *State* v. *Elmore,* 6 Cold., 528, and has since been adhered to. And it has also been held that as there is no appeal from the judgment in a writ of *habeas corpus,* there can be none from a judgment for costs under the writ. *State* v. *Blair* (manuscript opinion at Jackson, 1876). These rulings have been so long acquiesced in by the profession and Legislature that we are not inclined to disturb them.

It should be noted, however, that the decision in the Malone case, as virtually conceded in the Galloway case, must rest upon the first ground relied on. For not only is the remark inaccurate, that writs of error can only bring cases from courts of record, and that there is no statutory provision for the correction of judgments or orders of a judge in vacation, if the language used means to go so far, but the Code, adopted since the decision, has made the proceedings under the writ of *habeas corpus* matters of record. It provides that the writ may be issued in term by the clerk, and tried by the court. It further provides that, when granted and tried by the judge at chambers, the judge shall return the proceedings, in-

cluding all the papers in the cause and the final order, to his nearest court, to be there filed by the clerk as other records, a brief memorandum thereof, duly indexed, being entered upon the judgment or execution docket, and the clerk is to tax the costs and issue execution as in other cases: Code, sec. 3760. The refusal of an appeal or writ of error, under the law as it now stands, must proceed upon the ground that they would defeat the object of the process, speedy and summary relief. This would be true of an appeal in error which stays the execution of the judgment, but it would not be true of a writ of error. The latter writ is of right when demanded in time, but it does not prevent the execution of the judgment, unless accompanied by a writ of *supersedeas,* which can only be granted by one of the members of this court, and the granting of which rests in sound discretion. But a writ of error only lies from the final judgment of the circuit court in cases where an appeal in the nature of a writ of error would lie: Code, sec. 3176. The former remedy must, therefore, abide the fate of the latter. If the appeal in error can not be sustained, neither can a writ of error.

This court has often held that the writ of *certiorari* lies to remove the judicial sentences of all courts exercising statutory jurisdiction in a summary way, or by proceedings not according to the common law forms, where the writ of error does not lie: *Durham* v. *United States,* 4 Hayw., 79; *Stuart* v. *Hall,* 2 Tenn., 179; *Kendrick* v. *State,* Cooke, 474; *Williams* v. *Pointer,* 3 Lea, 366; *Railroad* *v. *Bate,* 12 Lea,

573. In the first of these cases, the court said: "This writ is used also for reversal in criminal cases where inferior or special tribunals inflict penalties or forfeitures, or otherwise act by conviction. or by way of punishment of the citizen, pursuant to statutory institutions, in cases where a writ of error will not lie, as it will not where those exercising power are not constituted courts of record, or, being so constituted, do not follow the common law forms of procedure": 4 Hayw., 73. If the writ be improperly refused by an inferior court, an appeal in the nature of a writ of error lies to this court: *Bob* v. *State*, 2 Yer., 173; *Lawson* v. *Scott*, 1 Yer., 92.

The writ of *certiorari* is one of the modes provided by the Code for the correction of errors in judicial proceedings: Code, sec. 3106. It lies when no appeal is given: Code, sec. 3124. And may be granted in all cases where an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy or adequate remedy: Code, sec. 3123. By the Code also this court has jurisdiction over the inferior courts of law and equity by "appeals and writs of error, or other proceedings for the correction of errors": Code, sec. 4496. The writ of *certiorari* is not of right, but subject to the sound discretion of the court or judge to whom the application is made. It will not, therefore, interfere with the "speedy and summary relief" of the writ of *habeas corpus* except, when, in the opinion of this court or one of its mem-

bers, the inferior court or its judge "has exceeded the jurisdiction conferred, or is acting illegally," and a *supersedeas* may be awarded with it. And it may be used in proper cases to test the correctness of the action of the inferior tribunal, without interfering with the execution of the judgment, by simply granting the writ without the *supersedeas*.

There being no other remedy for the correction of the errors, if any, in the proceedings below in this case, the writ of *certiorari* would seem to be properly awardable. It is said by Judge McKinney in *Wade* v. *Murry*, 2 Sneed, 50, that it would be contradictory to hold that a writ of error proper would not lie, and yet that the writ of *certiorari*, as a substitute for the writ of error, might be maintained. This was said in a case in which an appeal had been prayed and granted from the judgment or decree of the chancellor, deciding a contested election of an attorney-general, and a *certiorari* at the same time applied for by petition to the circuit court which the judge refused to entertain, an appeal in error being taken from his judgment. The question whether the writ of *certiorari* would lie from the Supreme Court to the chancery court was not considered. The court was of opinion that the Legislature, in the act conferring upon the chancellor the special jurisdiction in the particular class of contested elections, intended that the decision of the chancellor should be final, and not subject to the revision of any court. In that view, no kind of proceeding for the correction of errors would lie. But, as the learned judge conceded, a

*certiorari* might be resorted to in such a case to test the competency of the chancellor, or whether there had been such a substantial departure from the course of proceedings prescribed by the statute as would render the proceedings void.    The rulings in the *habeas corpus* cases have not been put upon the ground that the Legislature intended that the action of the inferior judge should be final, although he was exceeding his jurisdiction or acting illegally.  They have been based upon the idea that the Legislature intended to give a speedy and summary remedy, with which intention an appeal in error would conflict, because the appeal is a matter of right and must be granted.    The remedy by writ of error was excluded merely because it would only lie in cases in which an appeal in error might have been taken.    Neither of these objections applies to the writ of *certiorari*, for it is not a writ of course, but subject to the discretion of the court or judge to whom the application is made, and it lies when an appeal will not lie.

Previous to the Code, the same question would have arisen in a *habeas corpus* case as arose in the case of *Knight, ex parte,* 3 Lea, 401, where the circuit judge exercised the special statutory jurisdiction of requiring Knight, as county trustee, to give new bonds.    The circuit judge, although he conducted the proceedings in open court, was of opinion that the power was conferred upon him *ex officio,* not upon the court, and refused to allow an appeal.  The point, in that view, was whether, before this court could revise the proceedings, an application should not have been

made by Knight to the circuit judge for a writ of *certiorari* to bring the proceedings first into his court for revision. Such a circumlocution, although logical, is scarcely in accord with the spirit of the age, where the proceedings had already been had in open court, with all the formalities of entry and bill of exceptions, as if tried in court. Be this as it may, the Code, as we have seen, authorizes the proceedings to be held by, and in the court, whereby they become records of the court as in other cases, and directs the judge, if he proceeds out of court, to return the proceedings into court "to be filed by the clerk as other records." In the case before us, the proceedings were in the court, and by the court, and parts of the record.

We think, therefore, that the Taxing District is entitled to bring up the record by the writ of *certiorari*. And inasmuch as the transcript of the record is already on file in this court upon the appeal, the right under the writ may be perfected, by giving a bond with security for costs, without the formality of actual issuance and return : *Ing* v. *Davey*, 2 Lea, 276.

When the restraint, from which relief is sought by a writ of *habeas corpus*, proceeds from a judgment erroneous but not void, the writ will not lie. Nor, under it, can the party impeach a judgment as contrary to the facts. And, in general, this is not the remedy where the imprisonment is on judicial process. But where the sentence is void, not merely voidable, or the term of imprisonment under it has expired, relief may be had by the writ: 1 Bish. Crim. Pro.,

sec. 1410.    Inferior judicial officers, says Mr. Cooley, sometimes use the writ as if it were a writ of error, under which they might correct the errors and irregularities of other tribunals.    "Any such employment of the writ is an abuse": Const. Lim., 430 (4th ed). These are elementary principles, and the Code consequently directs that the party detained shall be remanded to custody "in every case in which the detention is authorized by law," and the time of detention has not expired: Code, sec. 3761.

His Honor, the criminal judge, was therefore in error in hearing proof that the relator was arrested without a warrant, and had not submitted his case, for, if there were anything in these facts, they only tended to show error and irregularity in the proceedings, the remedy for which was by appeal, or other direct proceeding, for their correction.    A warrant was not essential to the exercise of the jurisdiction of a municipal recorder in the enforcement of the municipal ordinances, nor was it necessary that the relator should have sumbitted his case: *Hoggat* v. *Bigley*, 6 Hum., 236, 240.    His Honor seems to have been of opinion that the president of the boards of the Taxing District, in the exercise of the judicial functions conferred upon him by statute for the trial of offenders violating the ordinances of the Taxing District, was clothed only with the power of an ordinary justice of the peace trying offenses against the State, and therefore bound by the provisions of the Code, section 4994, *et seq.* But we have repeatedly held that the Taxing District of Shelby county is a municipal corporation.    As such

a corporation it is expressly clothed with power to pass ordinances declaring what acts shall be misde-meanors against the corporation, and to punish the offenders by fines and forfeitures, and by imprisonment and labor within and without the work-house in de-fault of the payment of the fines imposed: Act of 1879, ch. 11, sec. 3. Proceedings instituted by the proper officers of the municipality to recover penalties for a violation of such ordinances are not State pros-ecutions, nor is a judgment therein a bar to a pros-ecution for an offense against the laws of the State committed by the same act: *State* v. *Mason,* 3 Lea, 649; *Greenwood* v. *State,* 6 Bax., 567.

The judgment below will be reversed, and the writ of *habeas corpus* dismissed with costs.

The same judgments will be entered in the Fitz-simmons and McDonald cases.