ELROD *v.* GRAY LUMBER CO.

(*Jackson.*    April 15, 1893.)

JUDGMENT.    *Rendered on holiday not void.*

A judgment is not void for having been rendered on one of the legal holidays—*e. g.*, twenty-second day of February, created by Acts 1889, Chapter 63, "on which all public offices of this State may be closed, and business of every character, at the option of the parties in interest or managing the same, may be suspended." Public officers may, at their option, keep open their offices and transact official business on such holidays.

Acts construed: Acts 1889, Ch. 63.

Cases cited and approved: Bank *v.* Johnson, 3 Hum., 28; Lewis *v.* The State, 3 Head, 149.

FROM LAUDERDALE.

Appeal from the Circuit Court of Lauderdale County.    T. J. FLIPPIN, J.

JAMES OLDHAM for Elrod.

THOMAS STEELE for Gray Lumber Company.

CALDWELL, J.    W. T. Elrod sued the Gray Lumber Company before a Justice of the Peace on an account, and obtained a judgment for $70.25.

The warrant was issued and duly served January 16, 1893, the trial of the case being at the

time set for February 22, 1893. The case was tried and the judgment rendered on the latter day without an appearance, in any manner, on the part of the defendant.

Execution was issued from that judgment, and levied on the property of the defendant, and the property was advertised for sale.

Soon thereafter, on the sixteenth of March, 1893, the defendant filed its petition for *certiorari* and *supersedeas* in the Circuit Court, stating the facts hereinbefore recited; and upon them, and the additional statement that Elrod's account was unjust, seeking to have all the proceedings before the Magistrate transferred to that Court, to the end that the said judgment might be declared void, and the execution quashed.

The claim of petitioner to the relief sought was based upon the proposition that the judgment in question *was void, because rendered on the twenty-second of February, a statutory holiday.*

Elrod, through his counsel, moved the Court to dismiss the petition, for insufficiency upon its face. The motion was disallowed.

Thereupon Elrod admitted that his judgment was rendered on the twenty-second of February, and in the absence of petitioner, as the latter had alleged; and upon that admission the Court adjudged the Magistrate's judgment void, and quashed the execution. Elrod appealed in error.

Prior to the passage of Chapter 63 of the Acts of 1889, the twenty-second day of February had no

greater legal sanctity in this State than any other
secular day.    The first section of that chapter is
as follows:  "That the first day of January, the
twenty-second day of February, the fourth day of
July, the twenty-fifth day of December, Good Fri-
day, Decoration Day, Memorial Day,  *    *    *    *,
also all days appointed by the Governor of this
State, or by the President of the United States,
as days of fasting or thanksgiving, and all days
set apart by law for holding county, State, or
national elections throughout the State, are made
holidays, on which all public offices of this State
may be closed, and business of every character, at
the option of the parties in interest or managing
the same, may be, suspended."

'Here the twenty-second day of February is made
a legal holiday, on which all public offices of the
State *may* be closed and business of every character
*may* be suspended, at the option of the parties in
interest or managing the same.  *Permission* is given
to close public offices and suspend public business
on that day, but no *requirement* that it shall be done
is imposed on any one.    The controlling word is
"*may*," not *shall*.    The day may be observed as a
holiday or not, as may be preferred; and whether
the one course or the other is pursued, there shall
be no just or legal ground of complaint.

It is true that *may* is sometimes rendered as
*shall*, and *shall* as *may*, but that is done only when
the manifest purpose of the instrument or statute

requires it. *Bank* v. *Johnson*, 3 Hum., 28; *Lewis* v. *The State*, 3 Head, 149.

No such purpose is found here. On the contrary, the context shows that the statute was intended as *permissive* merely, and in no sense *mandatory*. Not only is the word "*may*" used in such a way as to imply the grant of *permission* merely, but it is followed by other words, which expressly make the closing of office and suspension of business entirely *optional*.

It remains only to inquire who is authorized to exercise the contemplated option, and decide in a given case upon the observance or non-observance of the particular days *as holidays*.

The contention in behalf of petitioner is, that such option in the case at bar was with the Gray Lumber Company; that it had the right to elect whether the suit against it should be tried on the twenty-second of February; that by not appearing it elected that no trial should be had on that day, and that the Justice of the Peace before whom the case was pending, was by that election and the statute deprived of all power and jurisdiction to try the case at that time.

Though in some degree plausible, we do not think such the meaning of the statute. To our minds, it is clear that the option was with the Justice of the Peace, and not with the litigants, or either of them.

The provision of the law is, that the particular days named therein are made holidays, on which

all public offices of the State may be closed, and business of every character suspended, at the option of *the parties in interest or managing the same.*

With respect to ·public offices, the *officials* themselves are manifestly *the parties in interest and management;* consequently, it is to them, and not to persons having business with them, that the option of the statute is given.

The Justice of the Peace who rendered the judgment here impeached,, was *authorized*, but not *required*, to close his office and suspend business on the twenty-second day of February; and whether he should do so or not was a matter for him, and him alone, to decide.

His authority and jurisdiction to try causes properly before him, were as full and complete on that day as on any other day in the year, without reference to the appearance or non-appearance of the parties litigant; and the force and validity of judgments rendered by him on that day were in nowise impaired by the mere absence or dissent of parties to be affected thereby.

The Legislature did not intend that the power of a Court to try a case, or the validity of its proceedings, on any of the days named in the Act, should be dependent upon the presence or assent of parties duly notified.

The cases cited from Michigan (14 Am. Law Reg., 704), and Wisconsin (*Lampe* v. *Manning*, 38 Wis., 676), are not controlling, or even persuasive, authority in this case, for the reason that the de-

cisions therein made were based upon local stat-
utes entirely different from ours, those statutes be-
ing mandatory upon their face, and giving to the
twenty-second of February the same character as
Sunday, at least so far as the holding of Court
and trial of causes are concerned.

Reverse the judgment of the Court below, and
enter judgment here dismissing the petition for in-
sufficiency upon its face. Petitioner will pay all
costs.