HAMMICK et ux. v. GILBERT et al.—144 S. W. (2d) 5.

Eastern Section. August 10, 1940.

Petition for Certiorari Denied by Supreme Court, October 10, 1940.

G. W. Chamlee and G. W. Chamlee, Jr., both of Chattanooga, for appellants.

J. F. Atchley, of Chattanooga, for appellees.

PORTRUM, J. This suit was instituted to enjoin the prosecution of a forcible entry and detainer suit before a Justice of the Peace to regain a tract of land upon which the complainants were living. The ground is that the foreclosure proceeding under which the plaintiff in the forcible entry and detainer suit derived title was void, and that the trust deed passed no title to the purchaser entitling him to the possession of the property. It is admitted that the obligation was in default at the time of the foreclosure, but it is insisted the foreclosure was void because made upon a legal holiday, June 3, which is Confederate Memorial Day and declared by statute to be a legal holiday in the State of Tennessee. The complainant tendered into court the sum due as of the date of the foreclosure and secured by the trust deed. Complainant did not tender the taxes in default and paid by the purchaser at the foreclosure sale, or obligations assumed by the complainant in the purchase of the property and due to the Home Owner's Bank, which were in default and paid by the purchaser at the foreclosure sale after the purchase. The complainants ignored these last two items.

They purchased the property and agreed to pay $12 per month on the purchase money to the vendor, and they assumed to pay $5

per month to the Home Owner's Bank; they made two monthly payments to the vendor, and no more. They were permitted to occupy the property for about one year, ignoring during this period the demand of the vendor for payments which made a foreclosure necessary and proper.

The defense advanced here is that the sale was void because made upon a legal holiday, Code, Section 7520. This section designates 20 days as legal holidays, and provides that others might be made by proclamation of the Governor and President. And that the afternoon of Saturday is also a holiday. This section was construed in the case of Elrod v. Gray Lumber Co., 92 Tenn., 476, 478, 22 S. W. 2, 3, where it was held that the use of the word "'may" indicated the purpose to make it optional with public officials in closing the offices, and that it may or may not be treated as a day of business, "and whether the one course or the other is pursued, there shall be no just or legal ground of complaint." A legal holiday under this statute has a different status from that of Sunday. Such is the general rule. See Holidays, 29 C. J., Sec. 3; Mortgages, 41 C. J., Sec. 1438; Cockrill v. Whitworth, Tenn. Ch. App., 52 S. W., 524. The rule could not be otherwise for there are so many holidays one cannot remember them and every Saturday afternoon is a holiday; to avoid all business transacted upon a holiday would disrupt the normal course of business and require the abolition of the holiday. The performance of some acts are excused upon a holiday, such as the presentment of a note, which may be performed the following day, but the foreclosure of a mortgage or trust deed is not prohibited or excused because the date of foreclosure falls upon a legal holiday.

It was agreed in the lower court that the rents pending the appeal should be paid out of the funds paid into court in the event the defendant was successful, and to determine the amount of rent the cause is here remanded to the lower court. The decree is affirmed with costs.

McAmis and Ailor, JJ., concur.