Joe Biggs, Plaintiff in Error,

*v.*

Memphis Loan & Thrift Company, Inc.,
Defendant in Error.

385 S.W.2d 118.

(*Jackson,* April Term, 1964.)

Opinion filed December 11, 1964.

296

ALBERT H. BOYD, Memphis, DAVIS & DAVIS, Memphis, of counsel, for plaintiff in error.

HAROLD C. STREIBICH, Memphis, HARSH, HARSH & CRAWFORD, Memphis, of counsel, for defendant in error.

Mr. Justice Holmes, delivered the opinion of the Court.

We shall refer to the parties according to their status in the lower courts. This case originated in the General Sessions Court of Shelby County. On Wednesday, January 15, 1964 that Court rendered a judgment in favor of the plaintiff, Memphis Loan & Thrift Company, Inc., against the defendant, Joe Biggs, in the amount of $399.28 and costs. On Monday, January 27, 1964 Joe Biggs executed a pauper's oath in lieu of appeal bond which recited in part, "I am not able to bear the expense of an appeal from the judgment of the Court in the above styled case, which has this day been taken and granted". This pauper's oath was sworn to and subscribed by the defendant, Biggs, before a deputy clerk in the Office of the Clerk of the Court of General Sessions of Shelby County. Thereafter, on March 20, 1964, the Circuit Judge sustained a motion of the plaintiff, Memphis Loan & Thrift Company, Inc., to dismiss the defendant's appeal because it "was not made or perfected within the statutory time of ten days," as provided by T.C.A. sec. 27-509. The Circuit Judge granted an appeal from this order and allowed sixty days in which to perfect the appeal.

Thereafter, on April 17, 1964, the defendant, Joe Biggs, presented to the Circuit Judge a petition for certiorari seeking a review in the Circuit Court of the judgment of the Court of General Sessions by certiorari. No writ of supersedeas was prayed for. By his fiat, the Circuit Judge ordered the petition for certiorari set for hearing on April 24, 1964. The record shows that this petition for certiorari, which is in forma pauperis, was filed with the Circuit Court Clerk on April 21, 1964. On that same date the plaintiff filed in the Circuit Court

motions to dismiss the petition for certiorari and to quash same. By order of April 27, 1964, the petition for certiorari was dismissed by the Circuit Judge.

By order of the Circuit Judge, the cause in which the appeal was dismissed and the certiorari cause were consolidated for purposes of appeal. The defendant has perfected his appeal to this Court and filed assignments of error and brief.

■ The first assignment of error is that the Circuit Court erred in sustaining the motion of the plaintiff, Memphis Loan & Thrift Company, Inc., to dismiss the appeal of the defendant, Joe Biggs.

By Section 4 of Chapter 109, Public Acts 1959, which is codified as T.C.A. sec. 27-509, the time within which to appeal from a judgment of a General Sessions Court in Shelby County was changed so as to allow ten days in which to appeal instead of "two (2) entire days thereafter, Sundays exclusive," as provided by T.C.A. sec. 27-501. This 1959 Act provides:

"*Be it further enacted,* That, any party may appeal from an adverse decision of the General Sessions Court to the Circuit Court of the county within a period of ten (10) days on complying with the law as now provided for appeals from justices of the peace courts. This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any Private Act to the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee. Any appeal shall be heard *de novo* in the

Circuit Court. If no appeal is taken within the time provided, then execution may issue."

T.C.A. sec. 1-302, provides:

"The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded."

Using the formula prescribed by this statute, it is apparent that the last day within which to appeal from the General Sessions Court judgment rendered on January 15, 1964 was Saturday, January 25, 1964. Therefore, the filing of the pauper's oath on Monday, January 27, 1964 was not within a period of ten days from the adverse decision in the Court of General Sessions.

■ The defendant contends that by enacting Section 4 of Chapter 109, Acts 1959, it was the intention of the Legislature merely to substitute ten days in lieu of the two days provided for by T.C.A. sec. 27-501. This contention overlooks the fact that the 1959 Act does not amend T.C.A. Sec. 27-501, which provides that any person dissatisfied with the judgment of a justice of the peace, recorder or other officer of a municipality charged with the conduct of trials may appeal within two entire days exclusive of Sundays. By the 1959 Act, the Legislature established an entirely new period of time within which to appeal from judgments of Courts of General Sessions and left undisturbed the time within which an appeal may be taken from judgments of an officer of a municipality or a justice of the peace. While Courts of General Sessions had been created by private acts in many counties prior to the enactment of Chapter 109, Acts 1959, it was the purpose of that statute to create a statewide

system of Courts of General Sessions except in those counties expressly excepted from the application of that statute. This purpose of the Legislature is expressed in the caption of the Act as follows:

"AN ACT to create and establish a Court of General Sessions in and for the various counties of Tennessee, and to define and prescribe its powers and jurisdiction, and to provide for appeals from said Court" etc.

The Courts of General Sessions in Shelby County were created by Ch. 123, Private Acts 1941. Prior to the enactment of T.C.A. sec. 27-509 the time within which to appeal from the judgments of that Court was governed by T.C.A. sec. 27-501. Since the enactment of the 1959 Act the time within which to appeal from judgments of Courts of General Sessions throughout the State has been controlled by T.C.A. sec. 27-509. The time to appeal from judgments of municipal courts and justices of the peace is still prescribed by T.C.A. sec. 27-501. There is, of course, at least one Sunday in each ten day period. Had the Legislature in enacting a statute fixing ten days as the time within which to appeal from judgments of Courts of General Sessions intended to exclude Sundays, it would have so stated in the statute. In the absence of such a provision, the general statute governing the computation of time, T.C.A. sec. 1-302, is applicable and Sunday is excluded only if it is the last day. The fact that Section 6 of Ch. 109, Acts 1959 provides:

"That the laws now regulating pleading and practice, form of writs and process, stay of judgments and appeals from judgments in civil cases in the courts of justices of the peace shall apply to and govern said Court, except where expressly provided to the contrary in this Act."

does not make the provisions of T.C.A. Sec. 27-501 applicable to appeals from Courts of General Sessions because it is "expressly provided to the contrary" in Section 4 of the 1959 Act (T.C.A. sec. 27-509).

■ It is also contended that, because T.C.A. sec. 55-101 declares the period from noon to midnight of each Saturday to be a half-holiday on which public offices may be closed, Saturday, January 18, 1964 and Saturday, January 25, 1964 each should be counted as only one-half a day and, therefore, the ten day period to appeal expired on Sunday, January 26, 1964. The fact that holidays are not excluded by T.C.A. sec. 27-509 or by T.C.A. sec. 1-302 fully answers this contention.

■ As stated in *Hammick v. Gilbert,* 24 Tenn.App. 330, 332, 144 S.W.2d 5, 6, "A legal holiday under this statute has a different status from that of Sunday. Such is the general rule." It is only when the last day to appeal falls on Sunday that any day after the first day is excluded in computing the ten day period allowed for appeal. The fact that Rule 6 of the Federal Rules of Civil Procedure may expressly exclude Saturdays, Sundays, and holidays from the computation of time in certain instances does not change the clear meaning of the applicable Tennessee statutes. Had the Legislature of Tennessee intended to exclude such days, it would have so stated in either T.C.A. sec. 27-509 or T.C.A. sec. 1-302.

■■ By Rule 32 of this Court, all petitions for rehearing must be presented within ten days after the opinion in the case sought to be re-examined is announced. In *Eslinger v. Miller Bros. Co.,* 203 Tenn. 688, 698, 315 S.W.2d 261, 265, it was held that this ten day period is to be computed as provided in T.C.A. sec. 1-302. See also *O'Brien v. State,* 205 Tenn. 405, 326 S.W.2d

759, which holds Sundays are excluded in the computation of time only where the applicable statute expressly so provides. The first assignment of error is overruled.

The second assignment of error is that the Circuit Court erred "in denying the petition for certiorari following the dismissal of Joe Biggs' appeal."

■ This Court has held that the issuance of a writ of certiorari rests in the judicial discretion of the Court, to be granted only when necessary to prevent substantial wrong. *Ashcroft v. Goodman,* 139 Tenn. 625, 633, 202 S.W. 939.

In *State ex rel. Karr v. Taxing District of Shelby County,* 84 Tenn. 240, 246, it is stated:

"The writ of *certiorari* is not of right, but subject to the sound discretion of the court or judge to whom the application is made."

■ The following quotation from *McMurry v. Milan,* 32 Tenn. 176, 178, 179, has long been recognized as a correct statement of what constitutes good cause for failing to appeal within the time allowed by law:

"The remedy by *certiorari* cannot be resorted to as a substitute for the appeal, except a case is made out in the petition that will show the appeal was defeated—

"1. By the oppressive or erroneous act of the court or justice.

"2. By the wilful or negligent act of the clerk.

"3. By the contrivance or procurement of the adverse party.

"4. By inevitable accident.

"5. By the blameless misfortune of the petitioner."

█ The petition for certiorari in this case states the reason for failure to appeal within the time allowed by law as follows:

"Petitioner would have appealed from the judgment except for his own blameless misfortune in not being able to give the necessary security within the time allowed for appeal, and because petitioner was sick for some days prior to the time the appeal was perfected so that he was unable to attend to his business and attempt to raise the necessary funds for appeal. But after notice to his attorney on January 27, 1964 that he wanted to appeal, petitioner was able to do so on a pauper's oath on Monday, January 27, 1964."

By this language the defendant Biggs does not state that with proper diligence he could not have notified his attorney on Saturday, January 25, 1964, that he desired to appeal on the pauper's oath. The averment that he "was sick for some days prior to the time the appeal was perfected" without setting forth the confining nature of his illness or the precise dates thereof does not aver a sufficient reason for filing the pauper's oath appeal on Monday, January 27, 1964, instead of on some date within the ten day period allowed for appeals. The averment that he would have appealed except for his own "blameless misfortune" is the averment of a conclusion and not an averment of facts.

█ In affirming the action of the Circuit Court in dismissing a petition for certiorari to a Court of General Sessions, this Court, in *Gray Motors, Inc. v. Fanburg's Garage,* 202 Tenn. 648, 650, 308 S.W.2d 410, 411, stated:

"The practitioner must set out the facts of his case and cannot rely upon the insertion of these general words in his petition."

In *Copeland v. Cox,* 52 Tenn. 171, 173, the duty of a defendant to exercise diligence in such a case is stated, as follows:

"* * * But the primary question to be determined is, has he shown sufficient reasons for not appealing? for, unless he has been deprived of his right of appeal by inevitable accident, by the wrongful act of the justice or adverse party, or by his blameless misfortune, no matter how meritorious his defence (sic) may be, he must be repelled from court.

"It is the duty of every defendant when a suit is instituted against him to make his defence (sic) thereto, before the magistrate, and if dissatisfied with the judgment, to take an appeal from it to the Circuit Court, and if he fails to do this, he can not have a *certiorari,* unless he can bring himself within the provisions of the rule above laid down."

In our judgment it cannot be said that the Circuit Judge abused the discretion reposed in him by law in denying the petition for writ of certiorari in this case. From a reading of the averments of the petition, we can only conclude that the reason the defendant, Biggs, did not appeal to the Circuit Court within ten days after the rendition of the judgment is that he did not notify his attorney within that time that he wanted to appeal. The averment that he was sick for "some days" is not sufficient to show that with due diligence he could not have notified his attorney and executed his pauper's oath appeal within the time allowed by law.

We find no error in the judgment of the Circuit Court. Its judgment is in all things affirmed at the cost of the defendant, Biggs.