**In re William M. DENDER.**

Supreme Court of Tennessee.

Oct. 2, 1978.

Mobbs & Hagler, Cleveland, for petitioner.

Brooks McLemore, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, for the State.

## OPINION

HENRY, Chief Justice.

This controversy, before the Court on petition for the common law writ of certiorari, turns upon the authority of a Tennessee justice of the peace to issue a valid arrest warrant.

### I.

William M. Dender is the Judge of the twenty-fourth judicial circuit of Tennessee. On December 10, 1977, Amos Bates, a justice of the peace of Polk County, issued a state warrant charging Judge Dender with neglect of duty in violation of § 39–3201, T.C.A., which reads as follows:

It shall be a misdemeanor for any public officer, or person holding any public trust or employment, willfully to neglect to perform his duty, where no special provision has been made for the punishment of such delinquency.

According to the warrant, this neglect consisted of a failure to act upon the official bonds of certain officials in Polk County, as prescribed by § 8–1930, 1931, T.C.A., in that he failed and refused to "approve, disapprove, or take other action to ascertain that [the officials] were properly bound to this State." [1]

Judge Dender, upon learning of the issuance of the warrant, voluntarily and without service, posted bond in the amount of $1,000.00 conditioned upon his appearance before the General Sessions Court of Polk County on December 17, 1977. On December 15, 1977, Judge Dender, through his retained counsel, presented his petition for the common law writs of certiorari and supersedeas to an individual member of this Court, who, after hearing argument, superseded and stayed all proceedings and set the matter for argument before the entire Court. After initial argument the Court set the matter for additional consideration requesting counsel to address the question of whether a justice of the peace may issue

1. These Code sections were repealed by Chapter 270, Public Acts of 1977, which became effective May 12, 1977.

a valid arrest warrant in the light of *Connally v. Georgia*, 429 U.S. 245, 97 S.Ct. 546, 50 L.Ed.2d 444 (1977) and *Birdsong v. State*, Tenn.Crim.App. Feb. 22, 1978 (unreported). This is the controlling issue.

## II.

*The authority of a Justice of the Peace to issue an arrest warrant*

Historically, magistrates have had the power to issue warrants of arrest, § 40–701, T.C.A.; however, by Chapter 109, Public Acts of 1959, the legislature created a state-wide system of Courts of General Sessions, *Biggs v. Memphis Loan and Thrift Co., Inc.*, 215 Tenn. 294, 385 S.W.2d 118 (1964), with certain exceptions stated in the act. The General Sessions Court of Polk County was created under this general law, which was codified as § 16–1101, *et seq.*, T.C.A.

Section 2 of the 1959 act is codified as § 19–312, T.C.A. and reads in pertinent part as follows:

> . . . any justice of the peace . . may issue criminal and search warrants against . . . any person charged with an offense committed in the county . . . such warrants . . . to be returnable to and triable by said court of general sessions.

Thus, under Tennessee statutory law, a justice of the peace has the power to issue criminal warrants returnable to the General Sessions Court. As a matter of state and federal constitutional law we reach a contrary conclusion.

In *Connally*, the Supreme Court reaffirmed the long-established rule that search warrants be issued by a "neutral and detached magistrate" and not by one having "a direct, personal, pecuniary interest," and held that a search warrant issued by a Georgia justice of the peace who received a fee for issuing warrants but none where the warrant was refused, violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

■ We perceive no difference, in principle, between search and arrest warrants. Arrest warrants may only issue upon a finding of probable cause, made by a neutral and detached magistrate who "must judge for himself the persuasiveness of the facts relied upon" to support the issuance of the warrant. *Aguilar v. Texas*, 378 U.S. 108, 113, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Tennessee justices of the peace are in precisely the same situation as those in Georgia. Under § 8–2115(A) I(1)(b), T.C.A., they receive a fee of $3.00 "[f]or issuing a state's warrant with affidavit." If they decline to issue the warrant they receive no compensation.

In *Birdsong*, our Court of Criminal Appeals dealt with a search warrant issued by a justice of the peace. Relying upon *Connally*, the Court held the warrant invalid. Certiorari was not applied for; however, we approve the reasoning applied by the Court of Criminal Appeals and the results reached by that Court.

■ We hold that the issuance of a state's warrant by a non-salaried justice of the peace does not satisfy the requirements of a neutral and detached magistrate and is violative of the Fourteenth Amendment to the Constitution of the United States and Article 1, Section 8 of the Constitution of Tennessee.

This holding has no application to salaried public officials or employees whose personal compensation is not enhanced by the issuance of warrants or prejudiced by failure to issue. The evil this opinion addresses arises solely in the context of the non-salaried personnel having a direct, personal pecuniary interest.

## III.

Counsel have briefed and argued the question of whether § 39–3201, T.C.A. is applicable to a judge of a court of record. In view of the fact that our constitution (Article V, and Article VI, Sec. 6) provides sanctions to be applied against a judge guilty of official misconduct, we have substantial doubt as to the applicability of the statute to such judges. It is not necessary,

however, that we address this particular issue.

The warrant issued by Esquire Amos Bates is dismissed.

FONES, COOPER, BROCK and HARBISON, JJ., concur.