IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 1, 2013


**ROMALIS GRAY v.
TENNESSEE DEPARTMENT OF CORRECTION ET AL.**


**Appeal from the Chancery Court for Morgan County**
**No. 11-158      Frank V. Williams, III, Chancellor**

---

**No. E2012-00425-COA-R3-CV-FILED-OCTOBER 17, 2013**

---

The petitioner, a state prison inmate, appeals the trial court's dismissal of his petition for declaratory order, in which he alleged that the respondents, Tennessee Department of Correction ("TDOC") and Morgan County Correctional Complex ("MCCX"), denied his due process rights and violated TDOC policies when he was placed on administrative segregation following a disciplinary hearing. The trial court found that the petitioner had failed to pay court costs from a previously filed action and dismissed his petition pursuant to Tennessee Code Annotated § 41-21-812 (2010). Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Romalis Gray, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; and Shauna Jennings, Assistant Attorney General, Nashville, Tennessee, for the appellees, Tennessee Department of Correction et al.

**OPINION**

## I. Factual and Procedural Background

The petitioner, Romalis Gray, was housed at MCCX at the time of filing this action.[1] He was placed on administrative segregation at MCCX following an internal disciplinary board hearing on July 8, 2011. After exhausting his internal appeals of the disciplinary board decision, Mr. Gray filed a petition for a declaratory order with the TDOC commissioner, pursuant to the Uniform Administrative Procedures Act ("UAPA"). *See* Tenn. Code Ann. § 4-5-223(a) (2010) ("Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency."). The commissioner referred Mr. Gray's petition to TDOC's general counsel.

In a letter dated August 23, 2011, the State, through TDOC's general counsel, refused Mr. Gray's request for a declaratory order and denied his petition, stating that, *inter alia*, a prisoner's disciplinary proceeding was not a contested case eligible for a hearing under the UAPA. *See* Tenn. Code Ann. § 4-5-223(a) (providing that upon petition for a declaratory order, the agency shall either convene a contested case hearing or refuse to issue a declaratory order); Tenn. Code Ann. § 4-5-106(b) (2010) (stating that TDOC disciplinary proceedings shall not be considered "contested cases" under the UAPA); *see also Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998) ("A prisoner disciplinary proceeding cannot be reviewed directly under the Uniform Administrative Procedures Act because the Act removes such proceedings from the definition of a contested case.").

On October 5, 2011, Mr. Gray filed two petitions with the Morgan County Chancery Court, opening companion case files. The instant action, trial court case number 11-158, was opened by the filing of a "Petition for Declaratory Order." The companion case, trial court case number 11-159, was opened with a "Petition for Writ of Certiorari."[2] In both petitions, Mr. Gray requested review of the disciplinary board's decision, averring that TDOC and MCCX had denied his due process rights and violated TDOC policies when placing him on administrative segregation.

---

[1]Mr. Gray has since been transferred to another state prison facility.

[2]We have gleaned procedural information regarding the companion case from the archived appellate record for said case, number E2012-00426-COA-R3-CV, and the Appellate Court Clerk's procedural records. *See Counts v. Bryan*, 182 S.W.3d 288, 293 (Tenn. Ct. App. 2005) (holding that pursuant to Rule 201 of the Tennessee Rules of Evidence, a court may take judicial notice of facts "capable of accurate and ready determination" in its own proceedings).

In his appellate brief and in a recent *pro se* letter to this Court, Mr. Gray asserts that he only intended to file the petition for writ of certiorari and that the petition for declaratory order was an attachment, a copy of the petition he sent to the TDOC commissioner. The petition for declaratory order, however, stated on its face that it was being filed pursuant to Tennessee Code Annotated § 4-5-225 of the UAPA. Section 225 provides for the filing of a petition for declaratory judgment concerning the validity or applicability of an agency's statute, rule, or order to the chancery court of Davidson County once a complainant has petitioned the agency involved for declaratory judgment and been refused. Tenn. Code Ann. § 4-5-225(a).[3] Whatever Mr. Gray's intent, the Morgan County Chancery Court received two petitions from him for filing on October 5, 2011, commencing two actions. *See* Tenn. R. Civ. P. 3.

In the instant action, the State filed a motion to dismiss the petition, alleging that Mr. Gray owed outstanding court costs of $172.12 in connection with a prior case filed in the Davidson County Chancery Court and that pursuant to Tennessee Code Annotated § 41-21-812, Mr. Gray was barred from pursuing his petition. On December 9, 2011, Mr. Gray filed a response to the State's motion to dismiss, along with a motion for appointment of counsel. On December 28, 2011, Mr. Gray filed a "Motion to Alter or Amend Petition of Common Law Certiorari," a second motion for appointment of counsel, and a motion for summary judgment. The State filed a response to Mr. Gray's motions, again arguing that Mr. Gray was barred from pursuing the instant action because of his outstanding court costs from a previous case.

The trial court entered an order dismissing the petition for writ of certiorari in the companion case on January 10, 2012, finding that the petition was barred by Tennessee Code Annotated § 41-21-812 because Mr. Gray owed outstanding court costs to the Davidson County Chancery Court for a previous action. In the instant case, the trial court entered its order dismissing Mr. Gray's petition for declaratory order on January 20, 2012, similarly finding the petition statutorily barred due to Mr. Gray's unpaid court costs.

Mr. Gray filed a notice of appeal on February 17, 2012. The notice referenced both trial court case numbers, initiating appeals of the final judgments entered in both actions. *See* Tenn. R. App. P. 3(e). Mr. Gray's appeal of the trial court's dismissal of his petition for writ of certiorari was dismissed by this Court as untimely because his notice of appeal was not filed within thirty days of the trial court's final judgment. *See Gray v. Tenn. Dep't of Corr.*,

---

[3]The Tennessee Supreme Court has held that, contrary to the language of Tennessee Code Annotated §§ 4-2-223 and -225, questions of the validity (as opposed to applicability) of statutes need not be brought by petition to an agency before being brought to the chancery court because of the constitutional nature of such questions. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 846 (Tenn. 2008).

No. E2012-00426-COA-R3-CV, 2012 WL 1820864 (May 18, 2012) (mem. op.) (citing Tenn. R. App. P. 2; Tenn. R. App. P. 4(a); *Cobb v. Beier*, 944 S.W.2d 343, 344 n.2 (Tenn. 1997)).[4]

Subsequently, upon notification by the trial court in September 2012 that Mr. Gray had filed four motions on January 20, 2012, the day of the dismissal order's entry in the instant case, this Court remanded this action to the trial court by an order entered October 12, 2012, for disposition of the pending motions. The trial court denied three of Mr. Gray's motions–for jury trial as of right, leave to take deposition, and judgment on the record–as moot pursuant to the Order of Dismissal. The trial court considered the fourth motion, which was ostensibly for a new trial, as a motion to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 59.04 because there was no trial in the case. The trial court denied the motion to alter or amend the judgment, returning jurisdiction to this Court.

## II. Issue Presented

Relevant to his appeal of the trial court's dismissal of the instant action, Mr. Gray presents one issue, which we restate as follows:

> Whether the trial court erred by dismissing the petition for declaratory order, pursuant to Tennessee Code Annotated § 41-21-812, on the basis that the petitioner owed outstanding court costs.

## III. Standard of Review

The issue presented is a question of law. We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). Mr. Gray states in his appellate brief that he is appealing the dismissal of his petition for writ of certiorari. Although the instant action was initiated as a petition for declaratory order, we note that the proper vehicle for judicial review of a state prison disciplinary board decision is a petition for common law writ of certiorari. *See* Tenn. Code Ann. §§ 27-9-101, -102 (2010) (providing for judicial review of "any final order or judgment of any board or commission" functioning under Tennessee law via petition for certiorari); *Rhoden*, 984 S.W.2d at 956 ("The proper vehicle for challenging a disciplinary action is a petition for a common law writ of certiorari . . . .").

---

[4]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case" (cited here in related case).

As noted above, Mr. Gray's reliance on UAPA in seeking a declaratory order was misplaced because he was challenging the result of a disciplinary hearing rather than a statute, rule, or order. *See* Tenn. Code Ann. § 4-5-225; *Rhoden*, 984 S.W.2d at 957.

For these reasons and because both Mr. Gray and the State acknowledge on appeal that Mr. Gray was actually seeking a common law writ of certiorari, we determine that the proper standard of review for the instant action is the standard for reviewing dismissal of a petition for common law writ of certiorari. "A writ of certiorari is an order from a superior court to an inferior tribunal to send up a complete record for review, so that the reviewing court can ascertain whether the inferior tribunal has exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." *State v. Lane*, 254 S.W.3d 349, 354 (Tenn. 2008). A common law writ of certiorari is an extraordinary judicial remedy with a limited scope of judicial review. *Heyne v. Metro. Nashville Bd. of Public Educ.*, 380 S.W.3d 715, 728 (Tenn. 2012). As our Supreme Court has explained:

> A common-law writ of certiorari is not available as a matter of right. *Boyce v. Williams*, 215 Tenn. 704, 713-14, 389 S.W.2d 272, 277 (1965); *State ex rel. Karr v. Taxing Dist. of Shelby Cnty.*, 84 Tenn. 240, 246 (1886). The petition for a writ is addressed to the trial court's discretion. *Biggs v. Memphis Loan & Thrift Co.*, 215 Tenn. 294, 302, 385 S.W.2d 118, 122 (1964); *Gaylor v. Miller*, 166 Tenn. 45, 50, 59 S.W.2d 502, 504 (1933). Accordingly, appellate courts must review a trial court's decision either to grant or to deny a petition for common-law writ of certiorari using the "abuse of discretion" standard of review. *State v. Lane*, 254 S.W.3d at 354.

*Id.* at 730.

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 463 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

IV.  Action Barred by Outstanding Court Costs

In granting the motion to dismiss, the trial court found that Mr. Gray's petition was barred because he owed outstanding court costs to the Davidson County Chancery Court in the amount of $172.12 relative to a previous case.  Mr. Gray does not dispute the State's evidence that he owes said court costs.  He instead contends, *inter alia*, that the trial court erred in dismissing the instant petition because, pursuant to Tennessee Code Annotated § 41-21-807(b)(4) (2010), an inmate should not be barred from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  The State contends that under the provisions of the Tennessee Prisoner Litigation Reform Act, Mr. Gray is barred from initiating a civil action, even though qualified to proceed *in forma pauperis*, because he owes outstanding court costs from a previous action.  *See* Tenn. Code Ann. § 41-21-812(a).  We agree with the State.

The issue at hand requires examination of the interplay between two sections of The Tennessee Prisoner Litigation Reform Act ("the Act"), codified at Tennessee Code Annotated §§ 41-21-801 to -818.  "When dealing with statutory interpretation . . . [o]ur primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope."  *Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011).  The Act "was enacted to counter some of the abuses that arise when inmates exercise their rights to file lawsuits in forma pauperis."  *Sweatt v. Tenn. Dep't of Corr.*, 99 S.W.3d 112, 114 (Tenn. Ct. App. 2002) ("Among other things, the legislation was designed to reduce the number of frivolous or malicious lawsuits an inmate can file at taxpayer expense, and to identify and resolve baseless claims at an early stage.") (citing 1996 Pub. Acts, ch. 913, § 1).

The statutory language upon which Mr. Gray relies is contained within Tennessee Code Annotated § 41-21-807, which provides in full:

(a)     An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security for the fees, in addition to filing the affidavit [listing lawsuits or claims previously filed] required by § 41-21-805, shall submit a certified copy of the trust fund account statement, or the institutional equivalent, for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.

(b)(1)  If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of the filing fee.

The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater of the average monthly:

(A)   Deposits to the inmate's account; or

(B)   Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the inmate shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to the inmate's account. The agency having custody of the inmate shall forward payments from the inmate's account to the clerk of the court each time the amount in the account exceeds ten dollars ($10.00) until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4) In no event shall an inmate be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the inmate has no assets and no means by which to pay the initial filing fee.

(c)   In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

Section 807 delineates the requirements for an inmate to pay whatever portion of a filing fee he has the assets and means to pay initially, with the remainder of the filing fee to be paid in full over time. *See id.*; *see also Fletcher v. State*, 9 S.W.3d 103, 106 (Tenn. 1999) ("[T]he General Assembly has clearly indicated that no person is permanently relieved from payment of court costs or litigation taxes."). Within the context of section 807 of the Act, subsection (b)(4) provides for a situation in which an inmate may have no assets or income from which to pay any portion of the filing fee upon initiation of an action. *Id.*

In contrast, section 812 of the Act addresses the circumstances of inmates who have been assessed court costs for filing civil actions in the past, including those filed under the provisions of section 807, and have failed to pay those costs. Tennessee Code Annotated § 41-21-812 provides:

(a)    Except as provided by subsection (b), on notice of assessment of any fees, taxes, costs and expenses under this part, a clerk of a court may not accept for filing another claim by the same inmate until prior fees, taxes, costs and other expenses are paid in full.

(b)    A court may allow an inmate who has not paid any costs or expenses assessed against the inmate to file a claim for injunctive relief seeking to enjoin an act or failure to act that creates a substantial threat of irreparable injury or serious physical harm to the inmate.

By reason of a 2001 amendment to the Act, the section 812 bar on new actions "applies to validly assessed unpaid costs from all prior cases, not only those found to be malicious or frivolous." *Sweatt*, 99 S.W.3d at 115 ("Tenn. Code Ann. § 41-21-812 bars court clerks from filing any claims by inmates who have not paid the costs remaining from prior cases . . . ."); *see also Montague v. Tenn. Dep't of Corr.*, 109 S.W.3d 735, 737 (Tenn. Ct. App. 2003) (concurring, after affirming the trial court's judgment on a separate issue, in the court's dismissal of an inmate's complaint "on the authority of Tenn. Code Ann. § 41-21-812(a) which provides that the clerk of the court shall not accept for filing a claim by an inmate on an affidavit of inability to pay costs when that person owes unpaid costs incurred in a prior action.").

In the instant action, the State acknowledges that Mr. Gray filed a civil affidavit of indigency and inmate affidavit as required for the trial court to allow him to proceed *in forma pauperis*. *See* Tenn. Code Ann. § 41-21-807(a). The State's evidence demonstrated, however, that Mr. Gray owed $172.12 in outstanding court costs for a previously filed action. The trial court did not err in finding Mr. Gray's petition barred by Tennessee Code Annotated § 41-21-812(a) and in dismissing his petition on that basis. *See Dotson v. Contemporary Media, Inc.*, No. W2011-01234-COA-R3-CV, 2012 WL 1868255 (Tenn. Ct. App. May 23, 2012) ("If a clerk erroneously accepts, for filing, a claim, to which Tennessee Code Annotated Section 41-21-812 applies, then the trial court is authorized to dismiss the case under the statute.") (citing the example of *Davis v. Holland*, 31 S.W.3d 574, 577 (Tenn. Ct. App. 2000)); *see, e.g., Brothers v. Corr. Corp. of Amer.*, No. M2008-02249-COA-R3-CV, 2009 WL 2191248 (Tenn. Ct. App. July 22, 2009) (affirming dismissal of petition for declaratory order where the petitioner inmate had paid filing fee for case at issue but owed court costs related to two previous cases). Mr. Gray's arguments regarding the merits of his

claim regarding alleged violation of due process rights and TDOC policies are pretermitted as moot.

## V.  Conclusion

For the reasons stated above, we affirm the order of the trial court dismissing this action.  The costs on appeal are assessed against the Appellant, Romalis Gray. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.


_____
THOMAS R. FRIERSON, II, JUDGE