SAMUEL J. LEWIS *v.* JOHN W. WATKINS.

CONTESTED ELECTION. *Sheriff. Costs.* A defeated candidate for sheriff, who at the first Circuit Court after the election contests the election of the successful candidate, under the Code, section 889, may rely upon matter which simply goes to the disqualification of the defendant, with matter which tends to establish his own election; but if he fail in establishing his own right to the office he must pay, as the unsuccessful party, the costs of that branch of the contest, while entitled to recover costs on the other branch if decided against the defendant.

FROM JAMES.

Appeal in error from the Circuit Court of James county.    D. C. TREWHITT, J.

DEWITT & SHEPHERD for Lewis.

VANDYKE, COOK & VANDYKE for Watkins.

COOPER, J., delivered the opinion of the Court.

At the election held in James county on the 1st of August, 1878, Lewis and Watkins were the contesting candidates for sheriff, and Lewis received the certificate of election on a majority of five votes. On the 5th of the same month, Watkins gave Lewis notice in writing, that at the next term of the Circuit Court, commencing in September, he would contest his election on certain grounds mentioned, being grounds upon which Watkins claimed that he was the successful candidate. At the September term, both parties

Lewis v. Watkins.

having appeared, Watkins obtained leave to add to the grounds of his motion, and, among other grounds, that the defendant was ineligible because a defaulter. At the ensuing January term, Watkins filed his declaration containing two counts, one of these counts being based upon those grounds upon which he relied to establish his own election, the other was based solely on the ineligibility of the defendant because a defaulter to the State on the day of the election, for public revenue collected by him as tax collector in 1875. The defendant filed a demurrer to the declaration, assigning various causes of demurrer. The Circuit Judge sustained those causes of demurrer which went to the insufficiency of the allegations of both counts. He overruled the other causes of demurrer, among which one went to the incongruity of the grounds of the two counts, and another put in issue the point whether the contestant could contest the right of the defendant to the office, after he had been inducted into office, of which fact the court would judicially take notice, upon a ground which, while it might show the defendant ineligible, would not establish the contestant's right to the office.

The plaintiff amended his declaration so as to state the facts with sufficient particularity; one count, as before, being based upon grounds which, if true, would show that the contestant, except for the intimidation exercised on the voters at one precinct whereby six votes were lost to him, and the opening of the polls at another precinct after they had been closed according to law, whereby at least five votes had been ille-

gally cast for defendant, was the successful candidate; the other count, as before, went exclusively upon the ground that the defendant, as the collector of public revenue, was a defaulter on the day of election. The defendant pleaded not guilty, and two special pleas in substance that before his induction into the office of sheriff, the defendant, if he was a defaulter on the day of the election, had settled up his defalcation. The Circuit Judge sustained a demurrer to the special pleas. The case was tried by the Judge without a jury, who found the issue on the first count in favor of the defendant, and the issue on the second count against him. It was thereupon adjudged that the election of the defendant was void, and it was ordered that the judgment be certified to the County Court. The court, after overruling motions by the defendant to tax the plaintiff with the attendance of all witnesses summoned by him to testify in relation to the matters of the first count, and, at any rate not to tax defendant with the attendance of witnesses not sworn and examined, or witnesses in attendance before the pleadings were made up, adjudged that the plaintiff recover of the defendant all the costs of the cause. The defendant has appealed in error.

There is no ground for disturbing the findings of the Circuit Court on the facts, and the errors relied on for reversal go back to the rulings of his Honor on the demurrer to the declaration, and the demurrer to the pleas. There is a further assignment of error, in the event the judgment should be in other respects affirmed, on the matter of costs.

The substance of the cause of demurrer assigned to the declaration is, that the matters relied on in the second count are not the proper subject of contest by the plaintiff, the defendant having been inducted into office.    If, in point of law, the plaintiff could . not make a contest upon this ground, the two counts of the declaration were incongruous and the second count should have been held bad.

Title 6 of Part 1 of the Code, section 748, *et seq.,* treats of Officers and Elections.    Chapter 3, under this title, commencing with section 888, treats of contested elections, and article 1 of that chapter, of the jurisdiction of contested elections.    By section 889, it is provided: " The Circuit Court hears and determines all contests of the election of sheriff."    Article 4 of the same chapter, treats of the " Judgment on contested election cases, and the effect thereof."    By section 907, the first section of this article, it is provided: "After hearing the allegations and proof, the Court shall give judgment either confirming or annulling such election altogether, or declaring some other person than the one whose election is contested, duly elected." By section 912, the last of this article, it is provided: " When the person whose election is contested is found to have received the highest number of legal votes, but the election is declared null by reason of constitutional disqualifications on his part, or for other causes, the person receiving the next highest number of votes cannot be declared elected, but the election shall be declared void, and so certified to the power authorized to fill the vacancy, or order a new election."

12—VOL. 3.

In *Marshall* v. *Kerns*, 2 Swan, 68, the successful candidate in an election for clerk of the Circuit Court of Campbell county, produced his certificate of election, with proper official bonds and sureties, and moved the court to induct him into office. The old clerk, who was his competitor, asked leave to resist the motion, and was permitted to do so. On the trial, it was proved that the election was not held in one of the civil districts of the county by the neglect of the officer appointed to hold the election at that place. The majority in favor of the successful candidate consisted of three votes, while the voters of the district in which no election was held consisted of a larger number. It did not appear that a majority of these voters, or in fact any number would have voted for the contestant. The court held the election void, because the polls were not. opened in the district in question. The correctness of the ruling has been, and may well be doubted. *L. & N. R. R. Co.* v. *Davidson County*, 1 Sneed, 693. But the court, upon the basis of the correctness of the decision, which was under the act of 1846, ch. 19, brought into the Code in section 889, says: "We see no reason why the present incumbent, or other citizen of the county interested as a citizen in the appointment, might not be permitted to offer legal opposition to a false and void election. And such fact appearing to the judge, he should deem it his duty to refuse to qualify and induct the pretender to the office."

In *Boring* v. *Griffith*, 1 Heis., 456, which was a contest over the office of sheriff, the proceedings were

commenced, as in this case, by notice at the first term of the Circuit Court after the election. The Circuit Judge sustained a demurrer to the petition, and this court reversed the judgment. The main argument to procure and sustain the judge's ruling was, that at the time, the jurisdiction to try the cause had been transferred to the Criminal Court, the statute having enacted that said Criminal Court shall have "exclusive jurisdiction of all causes in which the State is a party, or which, by the laws now in force, require the services of an attorney-general." To this argument, Judge McFarland, who delivers the opinion of the court, replies: "This contest is not, in any sense, a criminal proceeding, but a contest between two private individuals as to the right to exercise the functions and enjoy the emoluments of the office. This right which the party claims to hold in the office, is defined to be an incorporeal right, and the party is attempting to enforce his right by a civil proceeding." It is added, that such contests are tried without the State being in any manner represented. Nor does it fall within the class of cases provided for by the Code, section 3409, *et seq.*, where a party unlawfully usurps an office, for section 3423 provides, "that the validity of any election which may be contested under this Code, cannot be tried under this chapter." Treating the contest of particular elections under the Code, section 888, *et seq.*, as a contest between individuals, for an incorporeal right, the provisions of the Code, section 3409, *et seq.*, do dot apply. But proceedings might be instituted under these latter sections, in the name of the State, to oust

an incumbent whose election was void because of his disqualification for office at the time of his election or induction.

In *Blackburn* v. *Vick*, 2 Heis., 377, the contest was over the office of revenue collector, which was commenced before, and continued after the induction of the successful incumbent into office.

The Constitution of 1870, art. 2, sec. 25, says: " No person who may be a collector or holder of public moneys, shall hold any office under the State government until such person shall have accounted for and paid into the treasury all sums for which he may be accountable or liable." And by the Code, section 748, sub-sec. 4, those who are defaulters at the time of the election are ineligible, "and the election of any such person shall be void." In *Newman* v. *Justices,* 6 Hum., 41, the provision of the Code, which was taken from the act of 1844, ch. 196, sec. 2, was considered. There, Newman was elected sheriff of Jefferson county, and, as such, collected State and county taxes, which he failed to pay over. Having been re-elected sheriff, he was inducted into office by the County Court. But at a subsequent term of the same court during the year, upon the production of the record of a judgment against him, showing him to have been a defaulter at the time of the election, the County Court declared the office vacant, and proceeded to elect a sheriff *pro tem.* This action of the County Court was sustained upon appeal, first by the Circuit Court, and then by this court. After quoting the language of the statute, which, like the Code, declares

Lewis *v.* Watkins.

that no person who is a defaulter shall be eligible to office, " and the election of any such person to office shall be void," the court said: "An act which is void is as if it had never been done, and Newman was no more the sheriff of Jefferson county for the year 1844, than if he had not been elected to discharge the duties of that office."

In *Pucket* v. *Bean,* 11 Heis., 600, Bean, having received a certificate of election to the office of sheriff, applied to the County Judge to induct him into office, which he refused to do upon the ground that the applicant was a defaulter. Upon petition by Bean for a writ of *mandamus* to compel the County Court to induct him, the County Judge replied that Bean had been tax collector, and as such was a defaulter to the State, county, and public schools. Upon the trial, the petitioner was shown to be a defaulter, and thereupon his petition was dismissed, and, upon appeal to this court the judgment was affirmed. The court held, Judge Turney delivering the opinion, that the question raised by the answer might be tried as a fact without any judgment of previous conviction for the default, and the election of a defaulter was void.

It will be seen from the review of the authorities, that the right of the contestant, whether one of the candidates or an independent citizen, or, as in the last case, a public officer, to show that the defendant having a certificate of election is a defaulter, and, as such, that the election is void, and may be so adjudged, is conceded wherever the contest has been over the induction of the defendant into office. This case was

commenced before the defendant's induction into office by the notice, but no effort seems to have been made to stay the induction. The question is, therefore, an open one, whether in such a case, after induction, the contestant may rely upon matter which goes only to the disqualification of the incumbent, in connection with matter which bears exclusively upon the merits of his own claim to the office. And no reason occurs why he may not. For, if the election be void, the contestant, like any other citizen, might offer legal opposition to a void election, at any rate where the contest is prompt, and before the induction of the defendant into the office. The provisions of the Code seem to contemplate this as one of the grounds of contest, and provides for the judgment in precisely such a case where the finding is in favor of the defendant on the question of election, but against him on the point of his legal or constitutional disqualification. In this view the rulings of the court upon the demurrers to the declaration and the pleas were correct. The point of time to test the eligibility of a candidate is the day of the election, under the statute. The Constitution is differently worded, and might admit of less rigid legislation.

But it is very clear that the cause of action which rests upon the plaintiff's title to office, is altogether different from the cause of action which rests solely on the disqualification of the defendant. If the contestant choose to unite them in the same suit, he must take the consequence which follows at law the uniting in one declaration of several independent causes of ac-

Lewis *v.* Watkins.

tion, on some of which he succeeds, and on others fails. He is the successful party only in those counts on which he succeeds, and the losing party in those counts on which he fails. *Allison* v. *Thompson*, 2 Swan, 202; *Boothe* v. *Cowan*, 5 Sneed, 357. The judgment below must be reversed as to the costs. The plaintiff below will be charged with the costs which have accrued under the first count, and the defendant below with the costs of the suit under the second count.

The judgment of the Circuit Judge will be affirmed so far as it adjudges that the plaintiff in error was ineligible to the office of sheriff by reason of his being a defaulter to the public treasury as tax collector on the day of the election, and the judgment will be certified to the County Court. But the judgment as to the costs will be reversed, and judgment entered here against Watkins for the costs of the court below arising under the first count of his declaration, and against Lewis for the residue of the costs below, and for the costs of this court.