STATE OF TENNESSEE ex rel. HENRY F. SWANN, District Attorney General for the Second Judicial Circuit et al., Plaintiffs-in-Error,

*v.*

CURTIS FRESHOUR et al., Defendants-in-Error.

410 S.W. 2d 885.

(*Knoxville,* September Term, 1966.)

Opinion filed January 6, 1967.

Taylor, Inman, Tilson & Line, Morristown, for plaintiffs in error.

Porter & Porter, Newport, for defendants in error.

Mr. Justin Chattin delivered the opinion of the Court.

The petition in this case was filed by Honorable Douglas M. Amick, a licensed Attorney and a member of the Cocke County Bar, seeking a declaration of the court whether the defendant, Curtis Freshour, a layman, was qualified to assume the office of Judge of the Court of

General Sessions of Cocke County. An injunction was also sought restraining the Election Commission of that County from issuing a certificate of election to the defendant, Freshour.

Honorable Henry F. Swann, District Attorney General for the Second Judicial Circuit of this State, intervened in behalf of the State; and, likewise, requested the court to declare whether defendant was qualified to hold the office of Judge of the Court of General Sessions of Cocke County.

By his answer to the petitions, the defendant admitted he had been elected Judge of the Court of General Sessions of Cocke County in the General Election on August 4, 1966; and that he was a layman and not authorized to practice law in this State.

The matter was tried before the Honorable Edward T. Cole, Circuit Judge for Knox County, sitting by interchange, on the original and intervening petitions, the answer thereto, and a stipulation of facts.

The trial judge found it was not necessary for a person, otherwise qualified, to be authorized to practice law in this State to qualify for the office of Judge of the Court of General Sessions of Cocke County. Accordingly, he dissolved the temporary injunction enjoining the Election Commission from issuing a certificate of election to the defendant and dismissed the original and intervening petitions.

Petitioners have perfected an appeal to this Court and have assigned as error the action of the trial judge in finding the Judge of the General Sessions Court of Cocke County is not required to be learned in the law, as evid-

enced by a license to practice law in this State, and dismissing the petition.

■ Thus, the question for our determination is whether a layman, otherwise qualified, but not authorized to practice law in the State, is qualified to hold the office of Judge of the Court of General Sessions of Cocke County. We are of the opinion such a person may so qualify.

Chapter 283 of the Public Acts of 1961, codified as T.C.A. Section 17-119, so far as pertinent to the question here, provides:

"[I]n addition to the qualifications provided for judges by Article 6, secs. 3 and 4 of the Constitution of Tennessee, judges of the Supreme Court, Court of Appeals, Chancery Courts, Circuit Courts, and Criminal Courts, and courts exercising the jurisdiction imposed in one or more of the last three named courts, shall be learned in the law, which must be evidenced by said judge being authorized to practice law in the courts of Tennessee; * * *."

Chapter 316 of the Private Acts of 1953 creating a Court of General Sessions for Cocke County with respect to the qualifications of the Judge thereof and the jurisdiction of that Court provides:

"Section 2. Be it further enacted, That the Court of General Sessions is hereby vested with all the jurisdiction and shall exercise the authority conferred by the Legislature upon Justices of the Peace in civil and criminal cases, suits and actions; and the Justices of the Peace of said County are hereby divested of all such jurisdiction and authority, * * *.

\* \* \* \* \* \*

"Section 7. Be it further enacted, That there shall be one judge for said Court with the same qualifications and term of office as provided by the Constitution of the State of Tennessee for inferior Courts.

"The judge of said Court as a condition precedent to his election need not be a licensed attorney.

"The judge of said Court shall also possess power to issue fiats for extra-ordinary process, returnable to the appropriate Court in which said is to be filed.

\*     \*     \*     \*     \*     \*

"Section 17. Be it further enacted, That the Court herein established is hereby vested with full jurisdiction to try and determine and render final judgment in all misdemeanor cases brought before said Court upon Warrant wherein the person charged with such misdemeanor enters a plea of guilty or requests trial upon the merits and expressly waives in writing an indictment, presentment, grand jury investigation and jury trial. In such cases the trial shall proceed before the Court without the intervention of a jury, and the Court shall enter such Judgment and, as an incident therto, may inflict such punishment, within the limits provided by law for the particular offense, as he may deem proper under the peculiar circumstances of such case, but nothing herein shall be construed as undertaking to grant such Judge the power to impose a fine in excess of $50.00 upon any citizen of this State, and provided further that the Court herein created shall have no jurisdiction of the trial of misdemeanors for which the minimum punishment is a fine of more than $50.00."

It is the insistence of petitioners, although Chapter 316 of the Private Acts of 1953 created the Court of General Sessions of Cocke County, yet Chapter 109 of the Public Acts of 1959 created and established a Court of General Sessions in and for various counties of this State which was amended by Chapter 283 of the Public Acts of 1961, codified as T.C.A. Section 17-119, so as to require a Judge of a Court of General Sessions to be a person authorized to practice law in the Courts of this State in addition to the constitutional qualifications of age and residence; that Chapter 109 of the Public Acts of 1959 was further amended by Chapters 85 and 336 of the Public Acts of 1965, which provide the Act shall not be applicable to certain counties in the State within certain population classifications; and that Cocke County was not excluded from the provisions of the Act on a population basis; and, therefore, the General Act of 1959, as amended, requires a judge of the Court of General Sessions of Cocke County to be a person authorized to practice law in the courts of this State.

■ We do not agree that Chapter 283 of the Public Acts of 1961, Codified as T.C.A. Section 17-119, amended Chapter 109 of the Public Acts of 1959, which created courts of General Sessions in various counties of the State on a population basis. That Act is an Act within itself and does not purport to amend another Act.

■ Nor do we agree that Chapters 85 and 336 of the Public Acts of 1965 amended Chapter 109 of the Public Acts of 1959. Those Chapters amended Chapter 283 of the Public Acts of 1961, codified as T.C.A. Section 17-119, so as to except from its provisions County Judges and Judges of the Courts of General Sessions in certain coun-

488

ties of the State on a population basis. Cocke County was not excepted.

■ We do agree, however, that T.C.A. Section 17-119 applies to a Judge of a Court of General Sessions where the Act creating the Court imposes jurisdiction concurrent with one or more of our Chancery, Circuit and Criminal Courts over and beyond that which is generally conferred on General Sessions Courts. *LaFever v. Ware*, 211 Tenn. 393, 365 S.W.2d 44 (1962)

Section 22 of Chapter 109 of the Public Acts of 1959, codified as T.C.A. Section 16-1124, provides:

"From and after September 1, 1960, all courts of general sessions in this state created by private act shall have the powers and jurisdiction conferred by this chapter and secs. 18-408—18-410, 20-1645, 27-509, 40-118 and 40-423—40-426 of this Code, and in addition, shall have such further powers and jurisdiction as may be conferred by the private act creating said court. It is not the intention of this chapter to divest any court of general sessions of any jurisdiction conferred by any private act. Neither shall the chapter affect the powers, jurisdiction, or provisions governing the operation of any court of general sessions created by any private act of the general assembly in 1959 or any previous general assembly, anything in this chapter to the contrary notwithstanding."

It is apparent this Section is ambiguous. But conceding, arguendo, it does confer upon the Court of General Sessions of Cocke County additional powers and jurisdiction to those conferred by the Private Act creating that Court, the additional jurisdiction conferred does

not clothe that Court with jurisdiction and powers over and beyond that which is generally conferred upon General Sessions Courts.

The jurisdiction conferred on the Court of General Sessions of Cocke County by the Private Act of 1953 is limited in civil and criminal cases. In addition thereto, the judge of that Court has the power to grant a fiat for extraordinary process.

The additional jurisdiction conferred by the above quoted Section of Chapter 109 of the Public Acts of 1959 is the power to suspend a sentence imposed by that Court.

The jurisdiction conferred, although concurrent to a limited degree with our Circuit and Criminal Courts, is no more than the jurisdiction generally imposed in Courts of General Sessions. Thus, the Private Act creating the Court of General Sessions for Cocke County and which stipulates the qualifications of the Judge of that Court is not in conflict with T.C.A. Section 17-119.

The judgment of the trial court is affirmed with costs.

BURNETT, CHIEF JUSTICE, DYER and CRESON, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.

MR. JUSTICE DYER, (concurring).

The issue is whether the General Sessions Court of Cocke County has such jurisdiction as to bring it within the ambit of T.C.A. sec. 17-119, since it has jurisdiction to issue fiats for extraordinary process, which is a part of the jurisdiction imposed in the chancery, circuit and criminal courts.

The decision will require a construction of T.C.A. sec. 17-119 to determine the legislative intent of this statute

as applied to the facts of the case at bar. It is the clear intent of this statute to require judges of certain named courts, as an additional qualification, be authorized to practice law in the courts of Tennessee. The legislature having made this requirement of certain named courts, then made the same requirement of other courts, if they were "courts exercising the jurisdiction imposed in" either the chancery, circuit or criminal courts. The question resolves itself to the intent of the legislature in the use of the words "the jurisdiction" as such words are used in this statute. Did the legislature by use of the words "the jurisdiction" mean *any* of the jurisdiction imposed in the chancery, circuit or criminal courts: or do these words mean a *part* of the jurisdiction; or do they mean *all* the jurisdiction? To this extent there is an ambiguity in this statute.

In *First National Bank of Memphis v. McCanless*, 186 Tenn. 1, 207 S.W.2d 1007 (1948) we find the following:

This Court takes the view that in arriving at the legislative intent, we must consider not merely the words or phrases used, but also the background, purpose and general circumstances under which they were used. 186 Tenn. 8, 207 S.W.2d 1009.

The judicial history of this state reflects that for many years, in certain actions, there has been concurrent jurisdiction as between justice of peace courts (predecessor to general sessions courts) and circuit courts. A code section (T.C.A. sec. 16-506) first enacted in 1835 refers to concurrent jurisdiction between the circuit courts and justice of peace courts in actions on contract up to a certain dollar amount. There is also concurrent jurisdic-

tion in tort actions, except libel and slander, up to a certain dollar amount.

It is presumed the legislature in enacting T.C.A. sec. 17-119 had, and acted in respect to, full knowledge of the judicial history of the state and the fact there existed, at the time of the enactment of this statute (17-119), concurrent jurisdiction in some instances between general sessions courts and circuit courts. It is also presumed the legislature, at the time of the enactment of this statute (17-119), had knowledge, by Chapter 109, Public Acts of 1959 and various Private Acts, there existed a state wide system of general sessions courts. See *Trotter v. City of Maryville*, 191 Tenn. 510, 235 S.W.2d 13 (1950). It is not logical to assume the legislature having full knowledge of these facts would intend to include all the general sessions courts within the ambit of this statute (17-119), which would be the result if the words "the jurisdiction" meant *any* jurisdiction exercised by the chancery, circuit or criminal courts. I think the legislature by this language meant to include only courts exercising a reasonable amount of the jurisdiction generally imposed in the chancery, circuit or criminal courts.

I do not think the jurisdiction to issue fiats for extraordinary process is such as to bring the General Sessions Court of Cocke County within the ambit of T.C.A. sec. 17-119. The wisdom of allowing a lay judge to have this power may well be questionable, but such is within the discretion and wisdom of the legislature and not the courts.

I concur in the opinion by CHATTIN, JUSTICE.