Jesse F. RAY, Appellant,

v.

Jerry WEAVER and Carter County,
Tennessee, Appellees.

Supreme Court of Tennessee.

Sept. 17, 1979.

Lodge Evans, Elizabethton, for appellant.

Rondal B. Cole, George F. Dugger, Jr.,
Dugger & Cole, Elizabethton, for appellees.

## OPINION

FONES, Justice.

Plaintiff, Jesse F. Ray, was a candidate,
along with six others, for the office of

judge of the General Sessions Court of Carter County in the August 1978 general election. Defendant, Jerry Weaver, was the candidate who won the election by a plurality of the votes cast. Plaintiff contests the eligibility of Weaver to assume his office because he is not a licensed attorney. We hold that the complaint states insufficient grounds to contest the election of Weaver as general sessions judge, and affirm the judgment of the trial court.

The facts of this case are undisputed and can be briefly summarized. Following the election, plaintiff filed a complaint within ten days of the election, as required by T.C.A. § 2–1705 in an election contest, that alleged that Weaver was "not qualified or eligible as a matter of law" to hold the office to which he was elected and asked that the court declare the election void on account of the winning candidate's ineligibility to hold the office of general sessions judge. In a supplemental complaint plaintiff raised various state and federal constitutional violations if Weaver were allowed to continue as a general sessions judge. Additionally, plaintiff sought to join Carter County as a defendant in order to enjoin it from paying a salary to Weaver. The trial court dismissed the complaint and ruled that Jerry Weaver is entitled to hold the contested office. Appeal was duly taken to this Court pursuant to T.C.A. § 2–1716.

■ The grounds for this election contest is the ineligibility of Weaver to hold office because he is a person not licensed to practice law in the courts of Tennessee. In *Hatcher v. Bell,* 521 S.W.2d 709 (Tenn.1974), we held that an election contest is not limited to an attack on the integrity of the election process and thus includes a challenge to the legal or constitutional qualifications of the successful candidate to hold office. See also *Zirkle v. Stegall,* 163 Tenn. 323, 43 S.W.2d 192 (1930); *Lewis v. Watkins,* 71 Tenn. 174 (1879). The narrow question presented, therefore, is whether the successful candidate, Jerry Weaver, is legally eligible to hold the office of general sessions judge under the statutory qualifications prescribed by the Legislature.

In 1943 the Legislature enacted chapter 333 of the Private Acts, which established a general sessions court for Carter County. Section 2 of the Act vested the court "with all the jurisdiction and . . . the authority conferred by the Legislature upon Justices of the Peace in civil and criminal cases, suits and actions; and the Justices of the Peace of Carter County are hereby divested of all such jurisdiction and authority." Hence the Act provided the general sessions court with the jurisdiction that previously had been exercised by the justices of the peace.

Section 9 of the Act provided, "there shall be one Judge of Said Court, who shall be a resident and citizen of Carter County, Tennessee, and learned in the law . . . ." Plaintiff contends that the phrase "learned in the law" as used in this Act is synonymous with "licensed to practice law."

In *Heard v. Moore,* 154 Tenn. 566, 290 S.W. 15 (1926), this Court held that the words "learned in the law" as used in an act that created the office of county judge in Sequatchie County was not a requirement that the office be held by a licensed attorney, but that it was intended as a direction to the voters. Following a similar Texas decision, the Court reasoned that "learned in the law" was a vague, indefinite and uncertain phrase and that the Legislature could have used the words "licensed attorney" if it intended to prohibit a layman from holding such an office. *See also Kivett v. Mason,* 185 Tenn. 558, 206 S.W.2d 789 (1947).

We believe that the phrase "learned in the law" as used in the private act that created the general sessions court in Carter County must be construed in light of this Court's decision in *Heard v. Moore, supra.* We also note that when the Legislature created the general sessions court for Carter County, it also provided for general sessions courts in Lawrence and Giles Counties. Those two acts specifically provided that the judge shall be a person licensed to practice law in Tennessee. *See* 1943 Tenn. Priv.Acts, ch. 55, § 12; ch. 186, § 13.

There is no merit to the contention of plaintiff that the General Sessions Judge of Carter County is subject to the provisions of T.C.A. § 17–119, which expressly includes the qualification that judges embraced therein be authorized to practice law in the Court of Tennessee.

In *State v. Freshour*, 219 Tenn. 482, 410 S.W.2d 885 (1967) the Court held that T.C.A. § 17–119 applied only to those general sessions courts upon which the Legislature has conferred jurisdiction over and beyond that which is generally conferred on general sessions courts. In this case, the private act that created the General Sessions Court of Carter County did not purport to impose any jurisdiction other than that generally exercised in general sessions courts throughout this State, and before their existence, by justices of the peace. *See* 1943 Tenn.Priv.Acts, ch. 333, § 2.

Finally, plaintiff raises various alleged violations based on due process of law and equal protection of the laws under the state and federal constitutions, if Weaver continues to serve as general sessions judge in Carter County. We find that plaintiff has not shown that he has the requisite standing to challenge the constitutionality of these statutes.

It is fundamental that plaintiff as a private citizen must show that he is adversely affected in some manner that is not common to all citizens to invoke the jurisdiction of this Court. *Bennett v. Stutts,* 521 S.W.2d 575 (Tenn.1975); *Skelton v. Barnett,* 190 Tenn. 70, 227 S.W.2d 774 (1950). Plaintiff has failed to demonstrate any personal deprivation of constitutional rights.

The judgment below is affirmed. Costs are adjudged against appellant.

BROCK, C. J., and COOPER and HARBISON, JJ., concur.

HENRY, J., concurs with opinion.

HENRY, Justice, concurring.

I concur generally in the opinion prepared for the Court by Mr. Justice Fones.

I agree that the General Sessions Judge of Carter County is not required to be a licensed attorney, under Chapter 333, Private Acts of 1943, and, therefore, may not be deprived of the right to assume and hold that office. By concurring in this opinion, I do not depart from my consistent opinion that "for a non-attorney judge to preside over any criminal trial, juvenile investigation, or hearing under the laws relating to the mentally ill or any other proceeding wherein a citizen may be deprived of his liberty, is violative of the Fourteenth Amendment to the Constitution of the United States and Article I, Sec. 8 of the Constitution of Tennessee." *Perry v. Banks,* 521 S.W.2d 549 (Tenn.1975) (Henry, J., concurring).