Thomas C. CRAWFORD, Appellee,

v.

Granville GILPATRICK, et al., Appellant.

Supreme Court of Tennessee,
at Nashville.

Feb. 14, 1983.

Robert T. Beaty, Sexton, Sexton, Beaty & Seals, Oneida, for appellant Granville Gilpatrick.

J.H. Reneau, III, Celina, for amicus curiae brief of the Clay County Election Com'n.

William P. Sizer, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for appellee William M. Leech, Jr., Atty. Gen., State of Tenn.

OPINION

COOPER, Justice.

This is an appeal from a decree of the Chancery Court of Clay County holding void an election for judicial office and declaring the office vacant.

Thomas Crawford and Granville Gilpatrick were candidates for the office of Judge of the General Sessions Court of Clay County in the election held on August 5, 1982. Mr. Gilpatrick received the majority of the votes cast for the office, and was certified by the Clay County Election Commission as having been elected as Judge. Within the statutorily designated ten (10) day period for the filing of an election contest,[1] Thomas Crawford filed a complaint challenging Mr. Gilpatrick's qualifi-

---

1. T.C.A. § 2–17–105.

cations for the office and seeking a declaration that Mr. Gilpatrick's election was void. On trial of the complaint, the chancellor concluded that Mr. Gilpatrick was not qualified to hold the office to which he had been elected, since he was not a licensed attorney, and declared the election to be void and the office vacant from and after September 1, 1982. Appellant insists that the chancellor erred in holding that the Judge of the General Sessions Court of Clay County must be a licensed attorney.

The General Sessions Court of Clay County was created in 1949 by a private act of the legislature.[2] The jurisdiction given the court was that generally possessed by justices of the peace. Section 9 of the Act provided that:

> [T]here shall be one Judge for said Court, who shall be a practicing attorney, duly licensed under the laws of this State to engage in the practice of law, and who shall possess the same requirements as do Chancellors of this State.

In 1959, the legislature undertook to create a state-wide system of courts of general sessions.[3] *See Biggs v. Memphis Loan & Thrift Co.,* 215 Tenn. 294, 385 S.W.2d 118 (1964). Qualifications for judges for each court created under the act were those "provided by the Constitution of the State of Tennessee for inferior courts." T.C.A. § 16–15–201. No attempt was made in the statute to change existing sessions courts. To the contrary the act expressly provided in T.C.A. § 16–15–501(c), that:

> From and after September 1, 1960, all courts of general sessions in this state created by private act shall have the powers and jurisdiction conferred by this chapter and §§ 18–4–201–18–4–203, 20–12–143, 27–5–108, 40–118, 40–424 and 40–245, and in addition, shall have such further powers and jurisdiction as may be conferred by the private act creating said court. It is not the intention of this chapter to divest any court of general

sessions of any jurisdiction conferred by any private act. Neither shall the chapter affect the powers, jurisdiction, or provisions governing the operation of any court of general sessions created by any private act of the general assembly in 1959 or any previous general assembly, anything in this chapter to the contrary notwithstanding.

Appellant of course insists that the 1959 public act had the effect of removing the specific requirement in the 1949 private act that the judge of the Clay County Court of General Sessions be "duly licensed under the laws of this State." It is not necessary that we answer this question since the legislature, by private act passed in 1963,[4] amended Chapter 285 of the Private Acts of 1949 to delete the specific requirement that the General Sessions Judge of Clay County must be a practicing attorney duly licensed to practice law in this state. Left intact by the amendment was the requirement that the general sessions judge in Clay County possess the same requirements as a chancellor. The effect of the amendment was not immediately self-evident. In a prior session, the legislature had passed a general law which provided that judges of the appellate courts, "chancery courts, circuit courts, and criminal courts, and courts exercising the jurisdiction imposed in one or more of the last three (3) named courts, shall be learned in the law, which must be evidenced by said judge being authorized to practice law in the courts of Tennessee." T.C.A. § 17–119 (now 17–1–106)(a). All sessions courts have some jurisdiction which overlaps jurisdiction of the basic trial courts of this state.

In *State v. Freshour,* 219 Tenn. 482, 410 S.W.2d 885 (1967), this court held that T.C.A. § 17–119 did not amend Chapter 109 of the PUBLIC ACTS OF 1959, which created courts of general sessions in every county not expressly excepted, but applied only to those general sessions courts upon which the legislature has conferred jurisdic-

---

**2.** Chapter 285 of the Private Acts of 1949.

**3.** Chapter 109 of the Public Acts of 1959, now codified as T.C.A. §§ 16–15–101 *et seq.*

**4.** Chapter 227 of the Private Acts of 1963.

tion over and beyond that which is generally conferred on general sessions courts. *See also Ray v. Weaver,* 586 S.W.2d 828 (Tenn.1979).

To further confuse the issue, and apparently because of a delay in getting the issue before the courts, the legislature in 1965 amended T.C.A. § 17–119 to except from its provisions county judges and judges of the courts of general sessions in certain counties of the state on a population basis. Clay County was included in the exception. At the time, the jurisdiction of the General Sessions Court of Clay County was so limited that the qualifications for judges set forth in T.C.A. § 17–119, were not applicable even without the amendment. *See State v. Freshour, supra.*

Up to this point then, there was nothing in either the public or private acts of the legislature which required that the judge of the General Sessions Court of Clay County be licensed to practice law in the courts of Tennessee.

In 1973, the legislature passed a private act creating a Court of Common Pleas of Clay County.[5] Section 2 of the Act provides that the General Sessions Judge of Clay County shall also be the judge of the Court of Common Pleas. Section 4 of the Act gives the court concurrent jurisdiction with the circuit and chancery courts in worker's compensation, divorce, and habeas corpus cases, and "those powers specifically conferred by T.C.A. § 23–1201 [now § 29–31–101]." Section 4 further provides that the judge of the court of common pleas "may sit by interchange with the Circuit and Criminal Judges and the Chancellor, and they with him, in such county." Section 7 provides that the judge of the court of common pleas will be paid an annual salary of four thousand dollars ($4,000.00) in addition to his salary as general sessions judge. Section 8 provides that the judge of the court of common pleas shall possess the same qualifications as circuit judges and chancellors. As heretofore noted, the requirement that the judge "be learned in the

law, which must be evidenced by said judge being authorized to practice law in the courts of Tennessee" is included in the qualifications of a circuit judge and of a chancellor. T.C.A. § 17–1–106(a).

Appellant insists that the 1973 private act suffers from several basic constitutional defects. His primary insistence is that the act suspends general law in significant respects without any stated or ascertainable justification for the suspension. Appellant also points out that the Act gives the judge of the sessions court a salary increase within his term of office in violation of Article 6, Section 7 of the Constitution of Tennessee. As an alternative or additional argument, appellant insists that the offices of general sessions judge and judge of the Court of Common Pleas of Clay County are separate offices, with only the judge of the court of common pleas being required to be a licensed attorney, and asks this court to so declare.

In our opinion, Chapter 145 of the Private Acts of 1973 can be regarded fairly as an Act increasing the jurisdiction of the Clay County Court of General Sessions, not creating a separate office to be filled by someone other than the judge of the court of general sessions. *See Boone v. Torrence,* 63 Tenn.App. 224, 470 S.W.2d 356 (Tenn.App. 1971). The question is: In granting this increase in jurisdiction, and in undertaking to impose additional qualifications for the office of judge of the Court of General Sessions of Clay County, does the Act unconstitutionally suspend general law in significant respects? We are of the opinion that it does not.

■ There is no general law in this state mandatorily setting forth jurisdictional limits of courts of general sessions or prescribing requisite qualifications of judges of those courts. An examination of the 1959 Act[6] undertaking to create a statewide system of courts of general sessions reveals that jurisdiction of sessions courts then in

---

**5.** Chapter 145 of the Private Acts of 1973.

**6.** Chapter 109 of the Public Acts of 1959, now codified as T.C.A. § 16–15–101 *et seq.*

existence was not the same in every instance and was not the same as that prescribed for the newly created courts. The legislature made no effort to bring the jurisdiction of these courts into line, but expressly provided that the courts should retain jurisdiction granted by private act, where that jurisdiction exceeded the jurisdiction set forth in the 1959 Act. See T.C.A. § 16–15–501. The 1959 Act did prescribe qualifications for judges of general sessions courts, having the basic general session court jurisdiction, as those "provided by the Constitution of the State of Tennessee for inferior courts." T.C.A. § 16–15–201. Subsequently, the legislature required judges of appellate courts, courts of general trial jurisdiction, and courts exercising jurisdiction imposed in one or more of the general trial courts, "be learned in the law, which must be evidenced by said judge being authorized to practice law in the courts of Tennessee."[7] This Act was later amended to except judges of sessions courts of forty-three counties from the requirement that they be licensed to practice law in this state.[8] The amendment was understandable as most, if not all, of the sessions courts excluded had only the basic general sessions court jurisdiction, or had the qualifications for judge set out in a private act.[9] But the effect of the exclusion of these courts from the requirement that the general sessions judge be a licensed attorney, and leaving others subject to the requirement is that there is no mandatory general law prescribing requisite qualifications of judges of general sessions courts. This leaves the legislature free to require qualifications, in addition to those set forth in T.C.A. § 16–15–201, for those judges who preside over courts, such as the Court of General Sessions of Clay County, that have jurisdiction

over and beyond that which is generally conferred on general sessions courts. See *Rector v. Griffith*, 563 S.W.2d 899 (Tenn. 1978) wherein it is pointed out at page 904 that:

> [W]here there is no general state law which is mandatorily applicable, the cases recognize that the General Assembly has almost unlimited discretion to enact private legislation affecting the structure and organization of local governmental units.

■ Appellant also argues that section 4 of chapter 145 of the Private Acts of 1973, which authorizes interchange between the judge of the Court of General Sessions of Clay County and the judges of the general trial courts, contravenes the general law embodied in T.C.A. § 17–2–208 and is unconstitutional. T.C.A. § 17–2–208 authorizes interchange of general sessions judges "with each other." We find nothing in section 4 which prevents the Judge of the Court of General Sessions of Clay County from interchanging with another sessions judge. Section 4 merely grants him the additional authorization to interchange with judges of the general trial courts with which he has, to a certain extent, concurrent jurisdiction. This authorization is in keeping with those statutes which authorize chancellors, circuit judges and criminal judges to interchange with each other and "with judges of special courts for one or more courts, or parts of courts,"[10] or in the case of criminal court judges "with judges of all other courts of record in the state."[11]

■ Appellant also insists that Chapter 145 is unconstitutional and void as it provides in Section 7 for an increase in salary for the judge of the General Sessions Court of Clay County to take effect during that

---

7. Chapter 283 of the Public Acts of 1961, now codified as T.C.A. § 17–1–106(a).

8. Chapter 336 of the Public Acts of 1965, now codified as T.C.A. § 17–1–106(b)(1).

9. *See, e.g.,* 1955 Pri. Act Ch. 170 (Greene County); 1957 Pri. Act Ch. 214 (Dickson County); 1947 Pri. Act Ch. 235, 1949 Pri. Act Ch. 621, 1951 Pri. Act Ch. 374·(Hamblen County); 1953 Pri. Act Ch. 537 (Hickman County); 1955 Pri.

Act Ch. 231 (Hardin County); 1959 Pri. Act Ch. 68, 1961 Pri. Act Ch. 247 (Jefferson County); 1955 Pri. Act Ch. 286 (Hawkins County); 1959 Pri. Act Ch. 77 (Roane County); 1959 Pub. Act Ch. 109 (Franklin, Grundy Counties).

10. T.C.A. § 17–2–201 and § 17–2–203.

11. T.C.A. § 17–2–205.

judge's term of office. It is clear the judge then in office could not legally receive the increase. Article 6, Section 7 of the Constitution of Tennessee. However, this does not necessitate our invalidating Chapter 145 in its entirety, especially at this late date. In considering similar legislation in *Bayless v. Knox County,* 199 Tenn. 268, 286 S.W.2d 579 (1955), this court found that it was reasonable to conclude that the legislature would have enacted the pay increase statute effective at the commencement of the next term with the illegal provision omitted. The court then elided the provision of the private act calling for a pay increase to begin during the term of the sitting judge, and permitted the pay raise to take effect at the beginning of the next term of office. In our opinion, similar action is justified in this case. Chapter 145 contains a severability clause, which permits the elision of the offending section of the act. With the elision, the remainder of the Act, including the increase in salary beginning September 1, 1974, is valid.

Having concluded that Chapter 145 of the Private Acts of 1973, after the elision referred to above, is constitutional in all respects, and that it and T.C.A. § 17–1–106(a) require that the person elected to the office of Judge of the Court of General Sessions of Clay County be a "licensed attorney," we affirm the decree of the chancellor holding that appellant is not qualified to hold the office of Judge of the Court of General Sessions of Clay County to which he was elected, he not being a licensed attorney, and declaring appellant's election to that office to be void and the office to be vacant from and after September 1, 1982. Costs are adjudged against appellant and his surety.

FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.