**CITY OF ALCOA, Alcoa Regional Planning Commission, City of Maryville and City of Maryville Regional Planning Commission, Plaintiffs-Appellees,**

v.

**BLOUNT COUNTY and Blount County Regional Planning Commission, Defendants-Appellants.**

Court of Appeals of Tennessee, Eastern Section.

June 2, 1983.

Permission to Appeal Denied by Supreme Court Oct. 3, 1983.

William B. Felknor, Jerry G. Cunningham and Michael L. Flynn, Maryville, for defendants-appellants.

M.H. Gamble, Jr., Robert N. Goddard, Roy D. Crawford and Duncan V. Crawford, Maryville, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

This action was instituted by the Cities of Alcoa and Maryville and their Regional Planning Commissions challenging the constitutionality of Chapter 181, Private Acts of Tennessee for 1980. The chancellor declared the Act unconstitutional on the ground that it violated Article 11, Section 8 of the Constitution of Tennessee,[1] requiring

---

1. Sec. 8. *General laws only to be passed.*— The Legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals, rights, privileges, immunitie, [immunities] or exemp-

the enactment of general laws and forbidding invidious or discriminatory class legislation. We affirm.

The private act in dispute authorized the Board of County Commissioners of Blount County to create a county planning commission and vested the proposed commission with all of the "authority, duties and responsibilities granted to a regional planning commission by the various sections of the Tennessee Code Annotated" and with "sole and exclusive planning and platting authority within a region, including the whole of Blount County excepting the territory within the municipal limits of incorporated municipalities."

On June 8, 1956, the Tennessee State Planning Commission, pursuant to the authority vested in it by Tennessee Public Acts, created a Blount County Regional Planning Commission composed of the territories of Blount County outside the corporate limits of Maryville. On May 1, 1959, at the request of the Blount County Court, the state planning commission abolished the commission by resolution. On May 19, 1959, the Tennessee State Planning Commission, acting under the authority of then Tennessee Code, § 13–107, established by resolutions the Alcoa Planning Region and City of Maryville Planning Region and designated the respective municipalities' planning commissions as regional planning commissions for the municipalities "with territory adjoining but outside said municipality no part of which is more than five (5) miles beyond the corporate limits". On October 30, 1967, Tennessee State Planning Commission, pursuant to authority of then T.C.A., §§ 13–107 and 13–201, re-established a Blount County Region "comprising all of the unincorporated territory of Blount County except that presently under the jurisdiction of the Maryville Regional Planning Commission and Alcoa Regional Planning Commission, it being provided that in the event of the retraction of the boundaries of the Maryville or Alcoa Regions, any territory relinquished shall immediately and without further action become part of the Blount County Planning Region," and created by resolution a Blount County Regional Planning Commission with the described jurisdiction.

The chancellor, after an evidentiary hearing, said:

It is clear from the foregoing that the legislature, by the provisions of Title 13, Chapters 1, 2 and 3 of Tennessee Code Annotated, has provided for a general scheme or plan for the creation and operation of regional planning commissions and, as such, is applicable to all counties and municipalities alike who elect to come within its terms.

While the statutes do not mandate the appointment of municipal planning commissions as regional planning commissions, nevertheless, the opening therefor is granted to the State Planning Commission upon the request by the local municipalities and, once exercised, furthers the general scheme and plan of the general law uniformly throughout the State.

There can be no doubt that Chapter 181 of the Private Acts of 1980 is clearly in conflict with the general law as said act purports to vest in Blount County Board of Commissioners the authority to create a County Planning Commission coextensive with the area of the County, except for the municipalities, and grant to it all rights, duties and authority granted to regional planning commissions by the general law. The effect of this act, as applicable to the City of Alcoa and the City of Maryville Regional Planning Commissions, is to summarily remove their, quote "regional jurisdictions," from them and vest the same in the newly created Blount County Planning Commission.

This must be viewed purely and simply as an attempt by the legislature to suspend the general law, with respect to Blount County, by private act, and which cannot be done constitutionally unless there can be demonstrated a rational ba-

tions other than such as may be, by the same law extended to any member of the communi-

ty, who may be able to bring himself within the provisions of such law. . . .

sis for treating Blount County differently from all other counties in Tennessee.

On appeal, defendants concede the private act is literally in conflict with the general law but charge the chancellor ignored the gloss placed upon the constitutional provision for "general laws" that it be "mandatorily applicable" before a conflicting law will offend the Constitution, and insist the enabling legislation for the creation of planning regions and regional planning commissions is not mandatorily applicable to all counties.

Article 11, Section 8 of the Tennessee Constitution has been construed to apply to special legislation which affects a municipality or county acting in its governmental capacity. *Brentwood Liquors Corp. of Williamson Cty. v. Fox,* 496 S.W.2d 454 (Tenn. 1973); *Blackwell v. Miller,* 493 S.W.2d 88 (Tenn.1973). While it is difficult to reconcile the myriad decisions on the issue, the Supreme Court has held that where there is no general state law which is mandatorily applicable, the General Assembly has almost unlimited discretion to enact private legislation affecting structure and organization of local governmental units. *Rector v. Griffith,* 563 S.W.2d 899 (Tenn.1978).

The test enunciated by the *Rector* court is whether the legislation offends any general law which is obligatory or violates any uniform state policy. The *Rector* court upheld a private act altering the number of commissioners and changing the selection process of the commissioners of a utility district which had been created in 1958 pursuant to the Utility District Law of 1937. The court concluded the general act was not mandatorily applicable state law since there were numerous methods for selecting utility district commissioners around the state. The court observed:

"It is apparent that almost every conceivable method of selection of boards of commissioners of utility districts is authorized in one way or another, and to varying degrees, by the 'general' statutes on the subject." *Id.,* at 902.

Another case discussing the issue of when a general law is mandatorily applicable, and relied upon by appellants, is the case of *Mink v. City of Memphis,* 222 Tenn. 216, 435 S.W.2d 114 (1968). In *Mink,* the provisions of the general acts relating to housing authorities were in conflict with the amendment to the city charter. The dispute concerned whether a housing commissioner was entitled to written charges and a hearing before being removed from the housing authority. Under the 1935 general acts relating to housing authorities, such procedural safeguards were provided; however, under the 1963 charter amendments, members of all boards and commissioners served at the pleasure of the mayor. The Supreme Court held the general law was not mandatorily applicable, reasoning the housing authority legislation allowed municipalities to create such a body; however, the municipality could choose whether or not to create a local housing authority and the court concluded the city charter was not in conflict with the general law within the meaning of Article 11, Section 8. *Mink* is distinguishable in that under the general housing authority legislation it was left to the discretion of municipalities whether to create a housing authority whereas the state planning office is vested with the authority to create regional planning commissions, subject only to approval by the local government planning advisory committee.[2]

Appellants argue *Crawford v. Gilpatrick,* 646 S.W.2d 433 (Tenn.1983), is analogous, stating T.C.A., § 13–3–409 specifically excepts all private acts in the same manner as T.C.A., § 16–15–501 does to the general laws pertaining to general sessions courts. We do not agree. Chapter 35 of the Public Acts of 1935, Section 9, from which the presently codified T.C.A., § 13–3–409 is derived, provides:

BE IT FURTHER ENACTED that this Act shall not be construed as repealing or impairing any provision of any private Act relating to the approval or regulation by the municipal authorities of the cities therein specified of the subdivision of

---

2. For composition of this committee, *see* T.C.A., § 13–1–102.

land or the filing of plans, plots or replots of land lying within the distance therein specified beyond corporate limits of such cities, or of any private Act relating to the jurisdiction of any county planning commission of the County therein specified; otherwise, that all Acts or parts of an Act in conflict with this Act be and the same are hereby repealed.

The legislature, by enacting Section 9 of Chapter 35 of the Public Acts of 1935, clearly limited the exception to any private act relating to the jurisdiction of any county planning commission in existence at the time of the passage of the act and repealed all other acts or parts of any act in conflict, whereas in *Crawford* the general law facially established there was no uniform statewide policy as to qualifications of sessions judges.

The evidence establishes 93 of Tennessee's 95 counties now have regional planning commissions which have been established by the Tennessee State Planning Office or the Tennessee State Planning Commission. Moreover, where the General Assembly passes a general law establishing a uniform state policy, a provision in the act to the effect the general law is applicable "unless otherwise provided by private act" will not render the act not mandatorily applicable. *Bd. of Ed. Memphis v. Shelby Co.*, 207 Tenn. 330, 339 S.W.2d 569 (1960).

Finally, appellants argue even if the private act is found to be in conflict with the general law, it should be upheld since there is a reasonable basis for treating Blount County differently. *See Davidson Co. v. City of Nashville,* 190 Tenn. 136, 228 S.W.2d 89 (1950). It is said Blount County is unique in that it has five incorporated municipalities and one unincorporated community. The evidence establishes several counties in Tennessee have as many or more incorporated municipalities. Appellants further seek to distinguish Blount County by the fact that the five mile extension of each city's planning commission results in the overlapping involving all five municipalities. Blount County is not sufficiently unique to require validation of the private

act. The general law provides the flexibility required for geographical and political differences, T.C.A., § 13–1–106 vests in the state planning office the authority "to create planning regions and to define the boundaries respectively of such planning regions" and may define territory as "a single county or of two (2) or more contiguous whole counties or of a part of a county or of contiguous parts of two (2) or more counties or of one or more counties together with a part or parts of another county or other counties or any other territory as designated and defined by the state planning office whether the boundaries thereof conform to any existing boundary or boundaries of a county or counties or other political subdivision or subdivisions or do not so conform", and may also designate any municipal planning commission as a regional planning commission.

Accordingly, we affirm the chancellor's decision declaring Chapter 181 of the Private Acts of Tennessee for 1980 unconstitutional in that it offends obligatory general law creating a uniform state policy for the creation of regional planning commissions.

The cause is remanded, with costs incident to the appeal assessed to defendants.

PARROTT, P.J., and KIRBY MATHERNE, Special Judge, concur.